# Frith & Co. *v.* Hollan.

## *Action of Assumpsit.*

1. *Sale of articles of merchandise; implied warranty; duty of purchaser upon discovering defects.*—Where articles of merchandise are sold by description and for the purpose of resale by the purchaser, there is an implied warranty that the articles sold shall not only answer the description, but that they shall be merchantable; and if upon their delivery such articles are in bad condition, and are to a great extent unmerchantable, the purchaser, upon a discovery of such condition, has the right either to rescind the sale within a reasonable time and return the articles, or retain them and avail himself of the damage suffered either by bringing his cross action for the breach of the warranty, or by proving their real value and abating the purchase price *pro tanto.*

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of assumpsit, brought by the appellants, Frith & Co., against the appellee, G. W. Hollan, to recover the balance due upon the purchase price

of onions, which had been sold by the plaintiffs to the defendant.

On the trial of the cause, the evidence for the plaintiffs tended to show that the defendant had bought twenty-five barrels of onion sets from the plaintiffs; that he paid for them except a balance for which the suit was brought. The evidence for the defendant tended to show that when the onion sets were received by the defendant they were badly sprouted and much damaged, and that they were not worth more than half the price the defendant agreed to pay for them, and that they were damaged in at least the amount claimed by the plaintiffs in the present suit.

It was further shown that the price agreed to be paid for the onions was $144; that the defendants had paid $104, leaving $40 due, which was the amount sued for. It was further shown by the evidence that upon receipt of the onion sets, the defendant proceeded to put them in his store for sale, and to fill orders which had been previously left with him for future delivery.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence they will find for the plaintiffs." (2.) "An implied warranty is not a guarantee that the article or thing sold is the best of its kind, or such as might have been represented at the time of sale, only that such article shall be reasonably suitable for the purpose for which it was intended to be used, and if the testimony shows that the defendant used said sets, they will find for the plaintiffs." (3.) "If the evidence shows that the onion sets delivered to defendant did not come up to warranty expressed or implied, the defendant must rescind by an offer to return the article in a reasonable time after discovery of the defects, and if he failed to rescind, you will find for the plaintiffs." (4.) "The defendant must act with promptness when he discovers that the property was not such as was contemplated and offer to return it. If he neglects to do so immediately upon discovering

a breach of warranty or fraud and keeps it and treats it as his own, as by offering to sell it, he can not reject the contract and is liable." (5.) "If the evidnce shows that the defendant accepted the goods by using them as his own by selling them, it is immaterial whether any of the goods were returned by the persons to whom Hollan had sold them, or whether he sold them at a reduced price or lost half."

There were verdict and judgment for the defendant. The plaintiffs appeal and assign as error the refusal of the court to give the several charges requested by them.

WORTHY & GARDNER, for appellant, cited *Hodge v. Tufts*, 115 Ala. 366; *Gachet v. Warren*, 72 Ala. 288; *Pacific G. Co. v. Mullens*, 66 Ala. 582; Benjamin on Sales, §§ 157, 656; 15 Amer. & Eng. Ency. of Law, 1220, 21, 22; *Burnett v. Stanton*, 2 Ala. 195; *Perry v. Johnson*, 59 Ala. 646; *Armstrong v. Bufford*, 51 Ala. 410; Mechem on Sales, § 1380.

FOSTER, SAMFORD & CARROLL, *contra.*—When goods are sold by description, and the buyer has not an opportunity of examining them, it is of the essence of the contract that the goods delivered shall answer to the description and there is also an implied warranty that the article furnished shall be merchantable.—*Gachet v. Warren*, 70 Ala. 288; 15 Amer. & Eng. Ency. of Law, 1229.

The vendee may waive his right to proceed on the warranty, where the purchase price has not been paid, and may set up breach of it in defense to an action by the vendor to recover the price. The damage resulting from the breach of warranty may go in reduction of the amount to be recovered by the vendor to the extent to which the article has been diminished in value by non-compliance with the warranty.—28 Amer. & Eng. Ency. of Law, 825, 810; 819, 820; Benjamin on Sales, § 901; *Davis v. Dickey*, 23 Ala. 848; *Hodge v. Tufts*, 115 Ala. 366.

[Frith & Co. v. Hollan.]

TYSON, J.—This action was brought to recover the balance claimed to be due on the purchase price of onion sets sold by plaintiffs to defendant. The sale of the sets was at 'Troy, Ala., to the defendant as a merchant and by description. When delivered they were in bad condition, much of them being unmerchantable. In such case there is an implied warranty, that the sets delivered shall not only answer the description, but that they shall be salable or merchantable.—*Gachet v. Warren,* 72 Ala. 292; 15 Am. & Eng. Ency. Law, (2d ed.), 1229. The defendant upon discovery of the condition of the sets had the right to rescind the sale within a reasonable time and return them; or retain them and avail himself of the damage he had suffered either by bringing his cross action for the breach of warranty, or to prove their real value and abate the recovery *pro tanto.*—*Brown v. Freeman,* 79 Ala. 410; *Eagan v. Johnson,* 82 Ala. 233; *Young v. Arntze Bros.,* 86 Ala. 116; 15 Am. & Eng. Ency. Law (2d ed.), 1255; Benj. on Sales (7th ed. Bennett's), p. 965.

There is no evidence in the record tending in the remotest degree to support the theory that the sale counted on was by inspection and not by description. Under the evidence, it was a question for the jury to determine whether the price agreed to be paid by the defendant should be abated to the extent of the balance claimed by plaintiff against him.

It follows that the affirmative charge was properly refused to the plaintiffs. The other charges requested by them were at variance with the principles we have declared and were correctly refused.

Affirmed.