[Eastern Granite Roofing Co. v. Chapman & Co.]

# Eastern Granite Roofing Co. *v.* Chapman & Co.

## *Action of Assumpsit.*

1. *Sale of goods; when purchaser can not defeat suit for goods by setting up breach of warranty; plea in bar.*—The purchaser of goods, while retaining the property purchased, can not, in a suit for the value of said goods, set up a breach of warranty as to the quality of the goods sold by plaintiff, to defeat the payment and as a bar to plaintiff's action; and a plea setting up a breach of warranty in bar of the action is subject to demurrer.

2. *Sale of goods; breach of warranty; sufficiency of plea.*—In an action to recover the price of goods sold, where a breach of warranty is relied on, the plea must aver a return of the property or an offer to do so within a reasonable time after the discovery of the breach or fraud, unless the property is valueless.

3. *Same; same; what necessary to avoid payment.*—To entitle a purchaser of goods to avoid the payment of the purchase money entirely upon the ground of fraud, or breach of warranty, while he still retains possession of the property, it is not sufficient that the property is valueless for the partciular purpose for which it was bought; it must be intrinsically of no value.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of assumpsit, brought by the appellant, the Eastern Granite Roofing Company, a corporation, against A. R. Chapman and C. D. Chapman, partners doing business under the firm name of Chapman & Co.

The complaint contained three counts, the substance of which is sufficiently stated in the opinion. Among the special pleas filed by the defendant was the following: "8th. And for further answer to the said complaint the defendants say that there is no consideration for the account sued upon in this, to-wit: that the sole and only

consideration for said account was and is certain material called Perfected Granite Roofing which was purchased by defendants from plaintiff. That plaintiff was and is the manufacturer of said material, and manufactured and offered it for sale as a valuable and suitable covering for houses, and guaranteed when said Perfected Granite Roofing was put on as a covering for houses and according to the rules and instructions furnished by them, would make a good covering for a house, would turn water and prevent leakage. That defendants purchased said Perfected Granite Roofing from the plaintiff, and plaintiff furnished defendants therewith rules and instructions by which and nails and cement with which to put said Perfected Granite Roofing on with. That defendants put said Perfected Granite Roofing on a storehouse as a covering thereof; that defendants put said roofing on said storehouse with said nails and cement and by and in accordance with the rules and instructions furnished the defendants by the plaintiff. That said Perfected Granite Roofing when it had been put on said house as a covering therefor and with the nails and cement and by and in accordance with the rules and instructions furnished by the plaintiff to the defendants was entirely worthless as a covering for said house and did not prevent leakage, but did leak and allow the water that fell upon the top of said house to go through it and through the roof of and into said house in such quantities that it was and is entirely worthless as a cover for said house."

To this plea the plaintiff demurred upon the following grounds: 1st. Said plea fails to show that after discovering the alleged defects in the roofing the defendants returned the said property to the plaintiff. 2d. Said plea fails to show that after discovering the alleged defects in the roofing the defendants offered to return the said property to the plaintiff. 3d. Said plea fails to aver that within a reasonable time after discovering the alleged defects in the roofing, they returned or offered to return the roofing to the plaintiff. 4th. Said plea fails to aver whether the alleged guaranty was implied or express. 5th. Said plea fails to aver that the roofing was

entirely worthless for all purposes. 6th. Said plea fails to aver that the roofing was worthless for a covering for a house. 6 1-2. Said plea sets out facts showing a want of consideration for said contract. 7th. The averments of the plea are insufficient to show an entire failure of consideration. 9th. Said plea fails to show that any warranty was fraudulently made."

The demurrer to this plea was overruled, while the demurrer to the other special pleas were sustained. It is unnecessary, however, to set out the other special pleas or the demurrers thereto. The plaintiff filed several replications to the 8th special plea, but under the opinion on the present appeal, it is unnecessary to set out these replications.

There were verdict and judgment in favor of the defendants. The plaintiff appeals, and assigns as error the judgment of the court overruling its demurrer to the 8th special plea, and the several rulings of the trial court to which exceptions were reserved.

MULKEY & CARMICHAEL, for appellant.—The court should have sustained the demurrer to the 8th plea. Said plea avers that the roofing in question was worthless as a covering, but it does not negative the fact that it has no intrinsic value or that it is worthless to the plaintiff. *Jones v. Anderson,* 82 Ala. 302; *Martin v. Martin,* 35 Ala. 560; *Young v. Arntz,* 86 Ala. 119; *Dill v. Camp,* 22 Ala. 249; 21 Amer. & Eng. Encyc. of Law (1st ed.), 85, *et seq.*

J. E. RILEY, *contra.*

TYSON, J.—The complaint contains three counts. The first declares on an open account; the second, on a stated account; and the third for goods, wares and merchandise sold.

A number of special pleas were filed by defendant. A demurrer was sustained to several of them, but overruled as to the eighth. This pleas, as we read it, was a plea in bar and attempted to set up as a defense a breach of warranty of the quality of the roofing sold by plain-

tiffs, as manufacturers, to the defendants. Whether the warranty relied upon is an express or implied one does not clearly appear. But whether the one or the other for the purpose of determining the sufficiency of the plea raised by the demurrer interposed is unimportant. In either event the plea should be one of set off or recoupment, in reduction of plaintiff's recovery and not in bar of the action.—*Frith v. Hollan,* 133 Ala. 583; *Dalton v. Bunn,* 137 Ala. 175; 24 Am. & Eng. Ency. Law (2d ed.), 1158.

And when a breach of warranty is relied upon, the plea must aver a return of the property or an offer to do so within a reasonable time after a discovery of the fraud, unless it was valueless.

The mere breach of warranty would not prevent the title to the property from vesting in the purchaser by virtue of the contract of purchase. In other words "unless there was a rescission of the sale or unless the article purchased was valueless, the purchaser could not resist payment of the entire purchase money of the defective article. * * * To entitle the purchaser to avoid the payment of the purchase money entirely upon the ground of fraud or breach of warranty, where he holds on to the property, it is not sufficient that it is valueless for the particular purpose for which it was bought; it must be intrinsically of no value."—*Jemison v. Woodruff,* 34 Ala. 143, 146. See also *Pacific Guano Co. v. Mullen,* 66 Ala. 582; *Young v. Arntze,* 86 Ala. 116. Of course, the value of restoration or offer to do so has no application where the use of the property in testing its qualities destroys it or renders it impossible to return it to the seller.—15 Am. & Eng. Encyc. Law, (2d ed.), 1256 and note.

Testing the plea under consideration by these principles, it is clear that the demurrer interposed to it should have been sustained. It may be that the purchaser is not bound to rescind the contract of sale, but may retain the article purchased and prove its real value and abate the recovery *pro tanto.*—*Frith v. Hollan, supra,* and cases there cited. But this is clearly not the purpose of the plea.

[Leader *et al.* v. Mattingly.]

With the plea eliminated, it is unnecessary to review the ruling of the court in striking the replications interposed thereto. Nor do we regard it necessary to review any of the other assignments of error.

Reversed and remanded.