# Millsapp *v*. Woolf.

## *Assumpsit.*

(Decided June 7, 1911.   Rehearing denied June 14, 1911.
56 South. 22.)

1. *Sales; Contract; Warranty.*—A warranty in the sale of chattel is a collateral undertaking by the seller as to the quality or title of the object; it may be express when made so by agreement, or implied, as when the law derives it by implication from the nature of the transaction or the situation of the parties.

2. *Same; Breach of Warranty; Action; Contract.*—A warranty by a seller is a contract, and in an action for the breach thereof, the question of fraud is not raised, the only question being as to the existence of the warranty and its breach.

3. *Same; Condition; Precedent.*—Unless the contract requires a return a buyer may sue for breach of warranty without returning to the seller the goods sold and delivered; the buyer recovering the difference between the value of the goods under the warranty and their actual value.

4. *Same; Rescission.*—For breach of warranty a buyer may rescind and recover the price paid for the goods with interest.

5. *Same; Condition Precedent.*—To effect a rescission of the contract for breach of warranty by the seller, the buyer must, within a reasonable time after the discovery of the breach, return the goods to the seller, unless there is good excuse for not doing so, and ordinarily what is a reasonable time is a jury question.

6. *Same; Deceit; Condition Precedent.*—Where the buyer relies on the deceit of the seller for a right to rescind he must show that he returned the goods to the seller within a reasonable time after the discovery of the deceit, or show a sufficient legal cause for not doing so.

7. *Same; Action for Price; Defense; Breach of Warranty.*—Where the action was for the price of a horse, pleas which allege that the seller warranted the horse to be sound when in fact it was unsound to the buyer's damage in a specific sum which he offers to set off against the demand, praying judgment for any excess; that the representation was false, and that by reason thereof the buyer had been damaged in a specific sum, sufficiently sets up the contract of warranty, its breach and deceit in the sale.

8. *Action; Breach of Warranty; Nature.*—An action for breach of warranty is ex contractu, while an action for deceit is ex delicto.

9. *Appeal and Error; Presumptions; Instructions.*—Where no exceptions were reserved to the charge of the court, it will be presumed on appeal that the court properly and correctly instructed the jury.

10. *Same; Harmless Error; Evidence.*—Where the answers to questions to which objections were sustained, were not excluded, any error in sustaining objection to the question was rendered harmless.

11. *Evidence; Admissions; Silence.*—Where the action was for the price of a horse and the defense was a breach of warrant in the sale, it was not competent for the agent of the seller making the sale to testify that after the death of the horse the buyer did not claim that the agent on behalf of the saller had warranted the horse as sound; such testimony not being offered to contradict any testimony of the buyer.

12. *Same; Expert and Opinion; Competency.*—Under section 3960, Code 1907, one who buys a horse and keeps the same in his possession is competent to testify as to the value of the horse.

APPEAL from Escambia Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Jeff Millsapp against O. M. Woolf on bill of exchange or bank check. Judgment for defendant and plaintiff appeals. Affirmed.

The first count was upon a bill of exchange, the second count was on a bank check alleged to have been countermanded by the defendant, and the third count was upon an account stated. The pleas were as follows: The general issue. (2) That the amount sued for was the purchase price of a certain horse that defendant bought of plaintiff, which horse the plaintiff warranted to be sound, when in fact the said horse was unsound, to the damage of defendant in the sum of $162.50, which he offers to recoup or set off against the demand of the plaintiff. The third, that at the time this action was commenced plaintiff was liable to or indebted to the defendant in the sum of $162.50 damages, for the breach of a warranty in the sale of a horse to him on the 25th day of March, 1910, which plaintiff warranted to be sound, when in fact said horse was not sound, but was unsound, and defendant offers to set off the same against the claim of the plaintiff, and claims judgment for any excess. (4) Same as 2 with the exception of the additional allegation that the defendant relied on the warranty, and purchased said horse on the faith

thereof. (5) Alleges the same facts as true as to the purchase of the horse, with the further allegation that plaintiff represented the horse to be sound, and on the faith of said representation defendant purchased the horse, and it is averred that said representation was false and untrue, and that said horse was not sound but was unsound, and by reason of such false representation plaintiff was damaged in the sum of $162.50, which he offers to set off. (6) Same as 5, with the additional allegation that the horse was sick and unsound, and died from said sick and unsound condition within a few days after it was delivered to the defendant. (7) Same as 2, with the additional allegation that on account of its sick and unsound condition the horse died within a few days after its delivery to the defendant and without defendant having received any benefit from it. Demurrers were interposed to these pleas raising the matters discussed in the opinion.

The assignments of error referred to in the opinion are as follows: (1) "The court below erred in sustaining the objection of the defendant to the following questions propounded by plaintiff to witness Reuben Millsapp: "In any of your conversations with reference to that horse, did you ever warrant that horse?" (12) "Same witness: Did he, the defendant, in that conversation with you claim that you had warranted or guaranteed the horse or make any complaint of that kind?" (13) "Same witness: Did defendant in that conversation make any complaint as to a breach of warranty as to the soundness of that horse or state to you in that conversation that you had represented to him that the horse was sound or unsound?" (14) "Same witness: In this conversation you had with defendant, on his visit to Evergreen in April following this trade, did he at that time say anything about you having warranted

this horse to be sound, when as a matter of fact, he was unsound " (15) Same witness: In this conversation with defendant, did he then complain of any false representation on your part as to the soundness or, unsoundness of that horse?" (16) "Did this defendant in the conversation referred to, or in any other conversation, make any claims to you of false representations you had made with reference to the soundness or unsoundness of this horse?" (23) "Overruling objection of plaintiff to the following question propounded by defendant to the witness Sam Sowell: In your opinion, Mr. Sowell, what was the matter with that horse?"

HAMILTON & CRUMPTON, for appellant. We understand the rule to be in cases of sales of personal property where fraud or breach of warranty is discovered that the buyer has three remedies. 1st, he may rescind by returning or offering to return with promptness after discovering the fraud, the property purchased and relieve himself from liability, or 2nd, retain the property purchased and sue for the fraud or breach. (3rd, he may wait until sued for the purchase price and abate the recovery protanto.—*Tabor v. Peters,* 74 Ala. 90; *Brown v. Freenman,* 79 Ala. 406; *Eagan Co. v. Johnson,* 82 Ala. 233. The only exception to this rule is where the article purchased is entirely valueless, but none of the pleas contain this allegation. If a buyer neglects to offer or return upon discovery of breach of warranty or, fraud, he cannot afterwards reject the contract.—*Hodges v. Tufts,* 115 Ala. 575; *Lockwood v. Fitts,* 90 Ala. 150; *Will v. Camp,* 22 Ala. 259. While he retains the article purchased, his defense extends only to an abatement of the agreed price.—*Eagan Co. v. Johnson, supra.* The principles of law involved are fully discussed in the case of *Samples v. Guyer,* 120 Ala.

611. Under these authorities, the demurrers to the pleas should have been sustained.—*Jemison v. Woodruff*, 34 Ala. 143; *Jones v. Jemison*, 82 Ala. 302. Counsel discuss the errors assigned as to evidence, but without citation of authority.

LEIGH & LEIGH, and ED. L. McMILLAN, for appellee. Appellant insists only on his assignments of error as to pleas 6 and 7, and hence, he waives the others.— *Western Ry. v. Russell*, 144 Ala. 142. So far as the plea setting up breach of warranty is concerned, it is not necessary to aver appellant's knowledge of the unsoundness of the horse as the warranty became a part of the contract, and appellant was bound by it although ignorant.—*Wrenn v. Wardlaw*, Minor 263; *Riddle v. Webb*, 110 Ala. 599. The pleas as to misrepresentation were sufficient.—*Tabor v. Peters*, 74 Ala. 90; *Moses v. Katzenberger*, 84 Ala. 95; *Prestwood v. Carlton*, 162 Ala. 327. Restoration or offer to do so has no application where the use of the property, in testing its qualities destroys it or renders it impossible of return.— *Pac. G. Co. v. Mullen*, 66 Ala. 582; *Young v. Arntz Bros.*, 86 Ala. 116; *Eastern G. R. Co. v. Chapman*, 140 Ala. 440; 35 Cyc. 150. The sustaining of the objection to the question without excluding the answer thereto rendered any error harmless.—*Dilburn v. L. & N.*, 156 Ala. 228. The testimony as to whether or not appellee made no claim to the agent of appellant was incompetent.—*L. & N. v. Carr*, 91 Ala. 270. The witness was competent to testify as to the value.—Sec. 3960, Code 1907.

DE GRAFFENRIED, J.—A warranty, in the sale of a chattel, is a collateral undertaking on the part of the seller as to the quality of or title to the subject of the

sale. It may be express or implied. It is express when made so by the agreement of the parties; implied when the law derives it by implication from the nature of the transaction or the relative situation of the parties.— 30 Am. & Eng. Ency. Law, pp. 128, 129.

As a warranty, express or implied, is a contract, the good faith of the seller in making it is not material. In actions for breach of warranty, the only questions are: Was there a contract of warranty? If so, has there been a breach? And if so, the amount of damages suffered by the purchaser thereby.—*Scott v. Holland,* 132 Ala. 389, 31 South. 514.

It is not necessary, as a condition precedent to a right of action for the breach of a warranty, that the article shall be returned to the seller and the seller be put in statu quo, unless the contract, by its terms, requires the return of the article if it should prove not to be as warranted. Unless the contract requires the return of the article, or some other express condition, by the terms of the contract, is attached to it, the purchaser may retain it and sue for his damages for the breach of the warranty and the measure of his damages is ordinarily, in such case, the difference between the value of the article as it was warranted to be and its actual value.

The purchaser may, however, upon a discovery of a breach of the warranty, repudiate the contract of sale and sue for his damages, which is, ordinarily, the purchase price paid for the article and interest thereon from the date of purchase.

To effect a rescission for a breach of warranty, the purchaser must, within a reasonable time after the discovery of the breach, return the property to the seller unless he has a good excuse for not doing so and, ordinarily, what is a reasonable time in any particular case

is a question for the jury.—30 Am. & Eng. Ency. Law, pp. 200, 201.

There is a clear distinction between an action for a breach of warranty and one for deceit in the sale of a chattel; in the first case the action is ex contractu and in the second, ex delicto.—30 Am. & Eng. Ency. Law, p. 129; *Scott v. Holland, supra.* If the action is for deceit in the sale of a chattel, mere proof of the breach of a warranty is not sufficient.—*Scott v. Holland, supra.*

Where the purchaser relies upon *deceit* in the sale of a chattel as his right of action, he must show that he returned the article purchased within a reasonable time after the discovery of the deceit, or a sufficient legal excuse for his failure so to do, as a condition precedent to the suit. He cannot hold the fruits of the contract with one hand and repudiate the contract with the other. "A party who seeks the rescission of a contract on the ground of fraud must act with vigilance and promptness on the discovery of it by an offer to return the property within a reasonable time, if the parties live at a distance from each other; or by an actual redelivery of it, or a tender with a view to redelivery, if they reside near each other, and the property is susceptible of easy transportation."—*Dill v. Camp,* 22 Ala. 249.

"A contract, obtained by misrepresentation, may be avoided, or an action for damages sustained, though the asserting party may not know the statement is false. It is as much a fraud at law to affirm as true what is untrue, though not known to be so, as to assert what is known to be untrue."—*Jordan & Sons v. Pickett,* 78 Ala. 331; Code 1907, § 4298.

The various pleas setting up a contract of warranty and its breach, and the pleas setting up deceit in the

sale, contain all of the essential averments required of complaints in such actions by the Code, and the other pleas to the complaint are in literal compliance therewith. The pleadings, therefore, substantially complied with the requirements of the Code, and, reading them in the light of the principles of law above announced, we are of the opinion that the court committed no error in overruling defendant's demurrers to them. Some of the questions which the defendant undertook to raise by the evidence, and, under the evidence, were issues for the jury under the charge of the court.

No exception was reserved to the charge of the court by the defendant. Presumptively the court correctly charged the jury with reference to them and the jury, under the evidence, decided the issues adversely to appellant.

4. There is no merit in assignments of error Nos. 11, 12, 13, 14, 15, and 16. The eleventh assignment of error is predicated upon the exclusion by the court of a question put to a witness and answered by the witness before the objection to the question was made. The court sustained the objection to the question, but did not exclude the answer of the witness to the question. The question excluded was a question to a witness; his answer was evidence for the jury. The answer remained as evidence before the jury, and if there was error it was harmless.

The twelfth, thirteenth, fourteenth, fifteenth, and sixteenth assignments of error call in question the legality of the action of the court in refusing to allow Reuben Millsapp, who, as the agent of the plaintiff, is alleged to have conducted the negotiations which resulted in the sale of the horse, to testify that, after the death of the horse, the defendant did not, in certain conversations had with the witness, claim that he, on behalf of

plaintiff, had warranted the horse to be sound or had falsely represented him to be sound. This testimony was not offered to contradict any statement made by the defendant while he was on the witness stand as a witness. It would have, if allowed, thrown no light on the questions involved in the case, and was properly excluded.

5. Section 3960 of the Code provides that "one need not be an expert or dealer in the article, but may testify as to its value if he had an opportunity for forming a correct opinion." O. M. Wolfe bought the horse from the plaintiff and had possession of him from that time until he died. The court therefore committed no error in permitting him to testify as to its value.

6. The answer of the witness to the question made the basis of assignment of error No. 23 was certainly of no injury to appellant.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.