# McLeod *v.* Flournoy.

## *Breach of Contract.*

(Decided Jan. 9, 1912.  57 South. 630.)

1. *Bill of Exceptions; Time of Signing; Purpose for Which Considered.*—Where a bill of exceptions is presented to the trial judge more than 90 days after the entry of judgment, but within 90 days from the date of the judgment overruling motion for new trial, it is within the time prescribed by section 3019, Code 1907, for the purpose of reviewing the action of the court on the motion for new trial, but not for reviewing the matters happening on the original trial.

2. *Logs and Logging; Sale of Timber; Action for Price; Set Off; Waiver.*—The defendant had contracted to cut from defendant's land certain timber for cross ties and after selling them to pay plaintiff a fixed sum for each tie sold. After paying plaintiff for a quantity sold, the defendant began to haul out other ties for sale, and was notified by plaintiff to stop hauling, and thereafter part of the remaining ties were destroyed without fault on the part of the defendant. The defendant afterwards hauled away some of the ties in disregard of the notice. Held, that in disregarding the notice to stop hauling defendant had not waived defendant's breach of the contract so as to deprive himself of the right to set off against the price damages resulting from the destruction of the other ties.

Appeal from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Action by J. W. McLeod against J. M. Flournoy on the common counts, and on a special contract for the price of certain cross-ties. Judgment for defendant, and plaintiff appeals. Affirmed.

In response to the complaint the defendant set up that he and plaintiff had a contract whereby the defendant was to cut from certain lands of the plaintiff all the oak timber suitable for making cross-ties, and that after they were cut and sold by the defendant he was to pay the plaintiff, out of the proceeds of the sale of the ties, the sum of 8 cents for each tie sold by him; that the defendant cut 1,314 ties, and from the ties so cut had sold 263 ties, and paid the plaintiff the sum of 8 cents per tie

for said number, and had proceeded to begin to haul out for sale the remainder of said 1,314 ties, and thereupon the plaintiff notified the defendant to stop hauling the ties from said land, and in pursuance of said notice the plaintiff stopped, and in a short time thereafter a large number of said ties were burned without fault on the part of defendant, to wit, 708 ties, of the value of $247.80, which sum the defendant seeks to set off against plaintiff's demand. As a reply, the plaintiff set up, in short, that the defendant waived the breach by plaintiff set up in said plea.

The motion for the new trial contains the following charges, among others, for grounds: "The court erred in refusing the following charges requested by plaintiff: (1) Affirmative charge on the plea of set-off. (2) 'I charge you, gentlemen, that should any breach of the contract on part of plaintiff be shown, said breach has been waived by the defendant.' (3) 'I charge you, gentlemen, if there was any breach of the contract on the part of the plaintiff by the notice testified to by the defendant, I charge you that such breach was subsequently waived by the defendant.' "

O. S. Lewis, for appellant. Counsel insist that having consented to a judgment in the lower court, the defendant could not prosecute the appeal to the circuit court.—Sec. 2892, Code 1907; *Murphy v. Whittley,* 70 Ala. 554; *Wilson v. Collins,* 9 Ala. 127. By the defendant's action in hauling out ties after notice not to do so he waived plaintiff's breach of the contract, hence, could not show a breach of the contract. On motion to strike bill of exception counsel insist that the motion for new trial suspended the judgment and enlarged the time for appeal.—*Florence C. O. Co. v. Field,* 104 Ala. 471; *Hamilton v. Kitchens,* 148 Ala. 385; *Woodward I. Co. v.*

[McLeod v. Flournoy.]

*Brown,* 167 Ala. 320.  In any event, it will be considered
for the purpose of reviewing the court's action on mo-
tion for new trial.—166 Ala. 281; 150 Ala. 410; 135 Ala.
544; 132 Ala. 573.

GLENN & DEGRAFFENRIED, for appellee.  The appeal
should be dismissed as it is not taken within the time
allowed by law.—Sec. 2868; *Kimball v. Rogers,* 90 Ala.
339; *Martin Machine Wks. v. Miller,* 132 Ala. 629; *An-
niston Co. v. Cooper,* 136 Ala. 418; *Smith v. The State,*
166 Ala .84.

WALKER, P. J.—The bill of exceptions was pre-
sented to the trial judge, and signed by him, within 90
days from the date of the judgment overruling the mo-
tion for a new trial.  This being true, so far as it per-
tains to the motion for a new trial, it was presented and
signed in time, and may be looked to for the purpose
only of revising the rulings on that motion.—Code,
§ 3019; *Cassells' Mill et al. v. Strater Bros. Grain Co.,*
166 Ala. 274; 51 South. 969.  It follows that the motion
to strike the bill of exceptions must be overruled.

The principal contention of the appellant is that his
motion for a new trial should have been granted on the
grounds stated in it, which suggested that the court had
erred in refusing certain written charges requested by
him.  In view of the nature of the controversy between
the parties and the evidence bearing upon it, each of
those charges might have been understood as involving
the proposition that the defendant, by disregarding no-
tices given to him by the plaintiff not to haul from
plaintiff's land the cross-ties which the defendant had
cut under the contract between them, so far waived the
breach of that contract committed by the plaintiff in
giving those notices as thereby to disable himself to set

off or recoup damages he had sustained by the loss of cross-ties consequent upon the plaintiff's so denying him the right to remove them from the land. The defendant's claim of set-off or recoupment was based upon the loss of a lot of the ties by fire while he was kept off the land by the notices from the plaintiff. Referring to one of the notices, the defendant testified: "After I received the letter, the woods were burned over. It was about six weeks afterwards. From the receipt of the notice up to the time of the fire I did not go on the land." Certainly his going on the land afterwards, in disregard of the notice, and hauling away some ties which were left, did not operate as a waiver by him of a right to claim damages which already had resulted while he desisted from going upon the land in obedience to the notice, and in consequence of his being deprived in that way of the opportunity of getting the ties. That conduct may have operated as a waiver by the defendant of the right to treat plaintiff's breach of the contract as a discharge of the liability under the contract for the cross-ties he actually got in disregard of the notice from the plaintiff; but his acceptance of a part of the ties under the contract did not have the effect of destroying his claim against the plaintiff for damages sustained by the loss of other ties, to which he was entitled under the contract, in conseuqence of the plaintiff's breach of the contract. He could retain the ties which he hauled off in disregard of the plaintiff's notices, and for which he thereby made himself liable according to the terms of the contract, though the plaintiff had breached it; and, as against the plaintiff's claim on account of the ties so actually received by the defendant under the contract, the latter was entitled to set off or recoup the damages he had suffered by the loss of other ties in consequence of the plaintiff's breach

of the contract. In other words, the defendant's conduct in question may have operated as a waiver by him of the right to treat the plaintiff's breach of the contract as a discharge of all liability of the defendant under it; but it did not have the effect of depriving him of the right, in an action by the plaintiff on the contract, to set off or recoup whatever damages he may have sustained by the plaintiff's breach of its terms or obligations.—*Frith v. Hollan,* 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54; 3 Page on Contracts, § 1509. The court was not in error in refusing the charges above referred to nor in overruling the motion for a new trial.

Affirmed.