# McCoy *v.* Prince.

## *Detinue.*

(Decided November 24, 1914. 66 South. 950.)

1. *Sales; Rescission; Fraud; Breach of Warranty.*—A buyer may rescind a contract of sale for fraud of the seller or breach of warranty, and recover the consideration paid.

2. *Same.*—A buyer seeking to rescind the contract of sale on the ground of fraud or breach of warranty of the seller must act promptly, and must restore or offer to restore to the seller what has been received, unless the thing received is worthless or restoration impossible by reason of the default of the seller.

3. *Same; Time; Jury Question.*—Ordinarily it is a question for the jury as to what is a reasonable time within which a buyer may rescind for the seller's fraud or breach of warranty.

4. *Same; Rescission; Waiver.*—Where, after discovering the seller's fraud or breach of warranty, a buyer uses and deals with the property as his own, or does other acts inconsistent with his right to rescind, he thereby elects to ratify the contract, and waives his right to rescind.

5. *Same; Fraud.*—A buyer who has waived his right to rescind the contract of sale on the ground of the seller's fraud or breach of warranty may still sue the seller for damages or plead the same by way of recoupment or counter claim when sued for the price.

6. *Same; Rescission.*—Where the seller refuses to receive the property, the buyer must leave it on the premises of the seller to make a rescission of the contract of sale complete; or, if he retains possession of the property, he must hold it merely as the bailee of the seller, and not use it for his own purpose.

7. *Same.*—Any false statement of a material fact by a seller, however innocently made, relied on by the buyer in ignorance of its falsity, and materially influencing him to make the contract of sale, is fraud authorizing a rescission under sections 4298, 4299, Code 1907.

8. *Same.*—Where the owner of a mule was induced by fraud or false warranty to exchange it for a horse, he may take possession

[McCoy v. Prince.]

of the mule wherever he can without committing a breach of the peace, or a trespass upon the premises of another, if he promptly demands a rescission, and does not act inconsistent with a holding of the horse as bailee.

9. *Fraud; Fraudulent Representation; Action.*—Under section 2469, a buyer may maintain an action for damages for the seller's fraud by showing that the representations of the seller were fraudulently or recklessly made.

10. *Detinue; Instruction.*—Where the action was for detinue for a mule traded by defendant to plaintiff and retaken by defendant after rescinding the contract for fraud or breach of warranty, a charge that if the animal was the property of plaintiff when defendant took it, the verdict should be for plaintiff, was misleading.

11. *Same.*—Under such circumstances, a charge asserting that if in a trade for an animal the person trading states to the person from whom he obtained the animal that he desired to get it for a specific purpose, which is the motive of the trade, the person trading the animal does so with an implied warranty that the animal is fit for that purpose, is abstract.

12. *Same; Evidence; Res Gestae.*—Where the action is detinue for a mule traded to plaintiff by defendant and retaken by defendant after rescission on the ground of fraud, etc., it was competent to show as a part of the res gestæ of the taking, that after seizing the mule, defendant mounted her and rode off in a run, whipping the mule and urging her on.

APPEAL from Winston Circuit Court.

Heard before Hon. J. J. CURTIS.

Detinue by L. F. Prince against Robert McCoy. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts sufficiently appear in the opinion. The following charges were given at plaintiff's request:

(2) I charge you, gentlemen, that unless McCoy rescinded the trade within a reasonable time after the discovery of the defect in the mare, if there was a material defect, and offered to return the mare to Prince, then your verdict in this case must be for the plaintiff, and the burden of proof on the question of rescission and tender back is on defendant.

(1) I charge you that the burden of showing breach of warranty in this case is on defendant, and unless you are reasonably convinced by the evidence in the

case that Prince warranted the mare to be sound and that warranty was a part of the trade, or an inducement to cause McCoy to part with the mule, and that the warranty was materially breached, and the mare was materially unsound, and that McCoy was thereby materialy injured, then your verdict must be for plaintiff.

(4) If you are reasonably convinced from the evidence in this case that any witness or witnesses willfully and knowingly swore falsely to any material facts in the case, then, in your discretion, you may disregard all that witness or witnesses said in the case.

(5) If there was no warranty of the mare as to soundness, and if there was no fraud in the trade, then your verdict must be for plaintiff.

(6) If the mule was the property of Prince, if it was Prince's mule at the time McCoy took it from where Prince had hitched it, then your verdict should be for plaintiff.

(7) You may look, and it is your duty to look, to the demeanor of the witnesses who testified, their opportunity to hear, see, and know as applied to the facts of the case, and weigh the evidence and give it all such weight and credence as you shall see fit and proper.

(9) If McCoy relied solely upon his own judgment in making the trade, the plaintiff should recover in this case.

The following charges were refused to defendant:

(1) If the jury believe from the evidence that at the time of the exchange of mare and mule between Prince and McCoy, or shortly previous thereto, Prince told McCoy that the mare was sound so far as he knew, then there must be a verdict in favor of defendant.

(2) If the jury are reasonably satisfied from the evidence that Prince told McCoy that the mare was sound

at the time of the trade or immediately preceding it, there will be a verdict for defendant McCoy.

(5) If the trade between McCoy and Prince was brought about by misrepresentations made by Prince, then such trade was void, and McCoy had a right to get the mule, and Prince cannot maintain this action.

(6) If the trade between McCoy and Prince was brought about by representations by Prince to McCoy that the mare was sound, then that avoids the trade, and you will find a verdict for defendant.

(9) If, in a trade for a mare, the person trading for the mare states to the person from whom he obtains the mare that he desires to get the mare for a certain specific purpose, and that such purpose is the motive for the trade, then the person trading the mare does so with the implied warranty that the mare is fit for that purpose.

(10) The lameness of the mare before she was traded to McCoy being admitted by the evidence of defendant, McCoy, and shown by witnesses, the defendant, McCoy, will be entitled to a verdict in his favor if Prince told McCoy at the trade that the mare was sound.

(11) Plaintiff, Prince, testified, and the evidence tends to show, that the mare was lame while in Prince's possession, and, if Prince made the trade with McCoy by telling McCoy the mare was sound, Prince cannot recover a verdict in this case, and your verdict will be for defendant.

(12) All contracts brought about by misrepresentation, are void, and confer no rights on the person making such representations.

(15) If the jury are reasonably satisfied from the evidence in the case that Prince warranted the mare to be sound and she was lame, then plaintiff cannot recover.

[McCoy v. Prince.]

RAY & COONER, for appellant. The court erred in permitting the witnesses to testify as to the value of the mule, or of the value of the mule's hire.—Sec. 3960, Code 1907, and authorities cited; *So. Ry. v. Morris,* 143 Ala. 628; *Thornton v. Pinkard,* 157 Ala. 212. The court erred in interfering with the freedom of the argument, and in its actions on exceptions thereto.—*Johnson v. Bentley,* 2 Ala. App. 288; *Tucker v. State,* 167 Ala. 3; *Brown v. State,* 121 Ala. 11; *Cross v. State,* 68 Ala. 484. The court erred in giving the charges requested by plaintiff.—*Scott v. Holland,* 132 Ala. 389; *Eagan v. Johnson,* 82 Ala. 233; *Brown v. Freeman,* 79 Ala. 406; *Taber v. Peters,* 74 Ala. 90. The court erred in giving charge 6 requested by plaintiff.—6 Mayf. 113. The court erred in refusing charges 5 and 6 requested by appellant.—5 Mayf. 151; *Tabor v. Peters, supra.* On the same authority the court erred in refusing charge 9 requested by appellant.

MAYHALL & STAGNER, for appellee. No brief reached the Reporter.

THOMAS, J.—The buyer of personal property may rescind the contract and recover the consideration paid for either fraud and deceit upon the part of the seller operating to induce the purchase or for a breach of a warranty made by the seller, whether express or implied. It is true that in the case of *Hafer v. Cole,* 176 Ala. 247, 57 South. 757, our Supreme Court have declared that, "by the weight of authority, the vendee cannot, in the absence of fraud or an agreement giving him the right, rescind an executed contract of sale for a mere breach of warranty; his remedy in such cases being on the warranty"; yet, a decision upon this proposition was not necessary to the disposition of the case there

under consideration, as expressly there appears; consequently, we regard the statement quoted as mere dicta, and as not being intended to overrule the previous decisions of that court establishing a doctrine contrary to that declared in the excerpt quoted to be sustained by the weight of authority. This contrary doctrine was established by our Supreme Court as far back as *Burnett v. Stanton,* 2 Ala. 181, which has since come frequently under review and been repeatedly reaffirmed without dissent. In *Thompson v. Harvey,* 86 Ala. 521, 5 South. 826, our Supreme Court said in support of it:

"Whatever may be the conflict in the authorities, it may be regarded as settled in this state that the remedy of a buyer, to avoid a contract for the breach of a warranty, is not restricted to cases where the warranty is fraudulent. This rule was settled long ago as the decision in *Burnett v. Stanton,* 2 Ala. 181, in which it was said: 'An offer to return the chattel in a reasonable time, on the breach of a warranty, or where fraud has been practiced on the purchaser, is equivalent, in its effect upon the remedy, to an offer accepted by the seller, and the contract is rescinded.'"

See, also, 30 Am. & Eng. Ency. Law (2d Ed.) 190, 191, note 2; *Jemison v. Woodruff,* 34 Ala. 146; *Eagan Co. v. Johnson,* 82 Ala. 237, 2 South. 302; *Hodge & Williams v. Tufts,* 115 Ala. 375, 376, 22 South. 422; *Millsapp v. Woolf,* 1 Ala. App. 604, 56 South. 22.

What is a reasonable time within which to rescind in any particular case is ordinarily a question for the jury (*Millsapp v. Woolf, supra*), to be determined, however, in the light of the well-settled principle that, if the purchaser would disaffirm the contract, the law requires him to act promptly and to restore or offer to restore, what he has received under it at the earliest practicable moment after the discovery of the cheat, un-

less, of course, the thing received is absolutely worthless, or unless its restoration has become or been rendered impossible by reason of the conduct or default of the other party.—*Stephenson v. Allison,* 123 Ala. 447, 26 South. 290; *Hafer v. Cole,* 176 Ala. 247, 57 South. 757; *Hodge & Williams v. Tufts,* 115 Ala. 375, 22 South. 422; *Young v. Arntze,* 86 Ala. 116, 5 South. 253; *Pacific Guano Co. v. Mullen,* 66 Ala. 582; *Eastern G. R. Co. v. Chapman,* 140 Ala. 440, 37 South. 190, 103 Am. St. Rep. 58; *Conner v. Henderson,* 15 Mass. 319, 8 Am. Dec. 103.

If, after the discovery of the fraud or breach of warranty entitling him to rescind, the purchaser uses and deals with the property as his own, or does other acts inconsistent with his right to rescind, then he is held to have elected to ratify the contract and to have waived his right to rescind (*Hodge & Williams v. Tufts,* 115 Ala. 376, 22 South. 422); and, in such event, the only remedy left him for the redress of the wrong of the seller is either a suit against such seller for damages (ex delicto, if there was fraud or deceit, and ex contractu, if there was merely a breach of warranty—*Scott v. Holland,* 132 Ala. 390, 31 South. 514—which actions may, since the Code of 1907, § 5329, be joined); or, if sued by the seller for the purchase price, an abatement pro tanto of the recovery by a plea of recoupment or counterclaim (*Jemison v. Woodruff,* 34 Ala. 146; *Ward v. Reynolds,* 32 Ala. 384; *Brown v. Freeman,* 79 Ala. 406; *Eagan v. Johnson,* 82 Ala. 233, 2 South. 302; 24 Am. & Eng. Ency. Law, 1157-1161; 30 Am. & Eng. Ency. Law, 195; 14 Am. & Eng. Ency. Law, 167).

Furthermore, even when the purchaser offers to restore the property and demands of the seller a rescission of the contract, and does so promptly and unreservedly, immediately upon the discovery of the fraud or breach of warranty, it is his duty, in the event the sell-

er refuses to accept the property, in order to make the rescission complete, either to leave the property on the premises of the seller, or, in the event he does not do so, but retains possession, to hold such possession merely as the bailee of the seller and put the property to no use whatever of his own. If the purchaser does the latter, however slightly, he conclusively abandons his right to the rescission that was so demanded.—*Samples v. Guyer,* 120 Ala. 614, 24 South. 942; *Hodge & Williams v. Tufts,* 115 Ala. 376, 22 South. 422.

In this state, while knowledge on the part of the seller of the falsity of the representations made by him with respect to the property is essential to the maintenance of an action of deceit by the purchaser, unless such representations were fraudulently or recklessly made, which is the legal equivalent of knowledge (Code, § 2469), yet, neither knowledge nor its stated equivalent on the part of the seller is necessary to the right of the purchaser to rescind the contract of sale on account of false representations or misrepresentations. In the latter case the good or bad faith of the seller is immaterial. Any false statement of a material fact by the seller, however, innocently made, if relied upon by the buyer in ignorance of its falsity and which materially influences him to enter into the contract, constitutes such a fraud in law as will authorize a rescission.— Code, §§ 4298, 4299; *Hockensmith v. Winton, infra,* 66 South. 954; *Hafer v. Cole,* 176 Ala. 247, 57 South. 757; *Sou. Loan & Trust Co. v. Gissendaner,* 4 Ala. App. 530, 58 South. 737; 14 Am. & Eng. Ency. Law (2d Ed.) 22.

In the case at bar it appears without conflict that the parties made a horse trade; the defendant (who is the appellant) swapping to the plaintiff (appellee) his mule for the latter's mare, without boot. Some several days after the exchange of animals between them the

mare became lame, and the defendant, promptly upon the discovery of such fact, carried her to plaintiff's house, some several miles distant, and, tendering her to the plaintiff, informed him of her condition and demanded his mule, stating, in effect, that the plaintiff, at the time of the trade, had represented or warranted the mare to be sound and all right, when she was not, in the particulars as stated.

The evidence for defendant tended to show that the mare, to plaintiff's knowledge, but without defendant's knowledge, had been lame quite frequently during the two years that plaintiff had owned her, and recently before he swapped her to defendant, and that such lameness was due to some inherent and latent cause which still existed at the time he swapped her to defendant, and that such cause produced the lameness that developed in the mare a few days after defendant so traded for her.

The plaintiff denied making any representations or warranty as to the soundness of the mare, and declined to accept her from defendant or to restore to him the mule. The defendant thereupon returned with the mare to his home, and, without even putting her to any use or work of his own or doing any other act inconsistent with his right to disaffirm the sale—so far as appears—he, a few days later, on seeing the plaintiff pass his house on the mule en route to Haleyville, followed him on the mare. When the plaintiff reached Haleyville and had dismounted, hitched the mule, and gone on up town, the defendant seized the mule, without plaintiff's consent, and rode her home, leaving the mare hitched at Haleyville in her place. The plaintiff declined to take the mare (which was later seized and sold by the town authorities as an estray), and brought this suit in detinue against the defendant for the mule.

[McCoy v. Prince.]

From what we have said it is clear that, in the event
the plaintiff made either a false representation or false
warranty with respect to the condition of the mare, cov-
ering the defect in question (the only seriously contro-
verted issue in the case), and the defendant, in ignor-
ance of its falsity, was induced to make the trade, and
within a reasonable time thereafter tendered the mare
to the plaintiff and demanded a rescission of the con-
tract, then by operation of law, although the demand
was refused, the ownership of the mare became reinvest-
ed in the plaintiff, and the title to the mule restored to
the defendant, together with the right in him to im-
mediate possession, which title and right continued in
him, notwithstanding he retained possession of the mare,
provided he did no act inconsistent with a holding as
the mere bailee for the exclusive benefit of plaintiff
(*Hayes v. Woodham,* 145 Ala. 599, 40 South. 511),
and which title and right the law allowed him to assert
by taking possession of the mule at any time he could
do so without committing a breach of the peace or a
trespass upon the premises of another.—*Street v. Sin-
clair,* 71 Ala. 110; 23 Am. & Eng. Ency. Law, 973, 975.

Charge numbered 1, given at plaintiff's request, was
therefore erroneous, if for no other reason than that it,
in effect, denied to defendant the right of rescission and
recovery, unless the jury believed that the statements or
representations which defendant's evidence tended to
show that plaintiff made at the time of the trade as to
the condition of the mare amounted or rose to the dig-
nity of a warranty. As before seen, a material false
statement, though it may not be sufficient to constitute
a warranty, would, if relied upon by the defendant in
ignorance of its falsity and operating materially to in-
fluence him to enter into the contract, amount to legal
fraud, though mistakenly or innocently made, and

would authorize, equally with a warranty, a rescission of the contract.—Code, § 4298; *Hafer v. Cole, supra.*

Charges 2, 5, 7, and 9 given at the request of plaintiff were, as seen, correct expositions of the law as applicable to the case.

Charge 6 was misleading, and should have been refused.

Charge 4 given at plaintiff's request did not aptly express the proposition of law intended (*Seaboard Air L. Ry. Co. v. Taylor,* 9 Ala. App. 628, 64 South. 187), and on another trial its verbiage should be changed so as to avoid the possibility of a construction that it was meant to assert that, if the jury believed that any witness willfully and knowingly swore falsely, they might, in their discretion, disbelieve all the witnesses.

The court committed no error in declining to give the charges numbered 1, 2, 5, 6, 9, 10, 11, 12, and 15 requested by defendant and assigned as error. With respect to each, except charge 9, nothing more need be said than that it either ignores or assumes the existence of one or more of the conditions upon which defendant was entitled to recover, as is too apparent, in the light of the principles of law and the tendencies of the evidence as stated in the opinion, to necessitate a further discussion or pointing out. Charge 9 was abstract, if not otherwise defective. The plaintiff was competent, we think, to testify to the value of the mule sued for. —Code, § 3960; *Millsapp v. Woolf,* 1 Ala. App. 599, 56 South. 22.

Nor was there error on the part of the court in allowing plaintiff's witnesses to state that defendant, after seizing the mule in Haleyville, mounted her and rode her off in a run, whipping and urging her forward. This was part of the res gestæ of the taking.

[State, ex rel. Attorney General, v. Gunter, Judge.]

The other errors insisted upon in brief are not likely to arise on another trial.

For the error pointed out, the judgment is reversed. Reversed and remanded.