(73 South. 637)

PATTERSON v. HOLT. (5 Div. 276.)

(Court of Appeals of Alabama. April 9, 1918.)

1. EXCEPTIONS, BILL OF ☞43(1)—PRESENTATION—TIME.

Where bill of exceptions was not presented to the trial judge within 90 days from the judgment, but was presented within 90 days from the ruling on motion for new trial, it could be considered only in reviewing the ruling on the motion for new trial.

2. APPEAL AND ERROR ☞502(7)—RECORD—SHOWING OF EXCEPTIONS.

Action of trial court on motion for new trial will not be reviewed, unless the bill of exceptions shows an exception to the ruling on the motion in view of Acts 1915, p. 722, as to review of rulings on motion for new trial.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Action between Mrs. M. E. Patterson and Zeke Holt. From the judgment rendered, Mrs. Patterson appeals, and Holt moves to dismiss the appeal. Affirmed.

Frank W. Lull, of Wetumpka, Eugene Ballard, of Prattville, and W. P. McGaugh, of Montgomery, for appellant. George F. Smoot and J. M. Holley, both of Wetumpka, for appellee.

BRICKEN, J. [1, 2] This case is submitted on motion to dismiss the appeal and upon its merits. It affirmatively appears that the bill of exceptions was not presented to the trial judge within 90 days from the date of the rendition of the judgment, though it was presented within 90 days after the ruling and judgment of the court on the

motion for a new trial; the bill of exceptions can therefore only be considered for the purpose of reviewing the action of the trial court on the motion for a new trial. McLeod v. Flourney, 3 Ala. App. 547, 57 South. 630. However, we are without authority to review the action of the trial court on the motion for a new trial, as no exception was reserved to the ruling of the court in this connection, and the action of the trial court on the motion for a new trial, will not be reviewed, unless the bill of exceptions shows an exception to the action of the court. Acts 1915, p. 722; King v. State, ante, p. 103, 75 South. 692, 694; Dorough v. Harrington & Sons, 148 Ala. 305, 42 South. 557.

It follows that the judgment of the lower court must be affirmed.

Affirmed.