(98 South. 24)

### CURB v. STEWART, ADAMS & CO.
### (2 Div. 821.)

(Supreme Court of Alabama. Nov. 15, 1923.)

1. **Sales ☞287(1), 435(1)—Plea of breach of warranty should allege return of goods; return not necessary where property valueless.**

Where a breach of warranty is relied upon, the plea must aver a return of the property, or an offer to do so, within a reasonable time after discovery of the fraud, unless it was valueless, and to entitle the purchaser to avoid payment of the purchase money it is not sufficient that the property is valueless for the particular purpose for which it was bought, but it must be intrinsically of no value; and the rule of restoration, or offer to do so, has no application where the use of the property, in' testing its qualities, destroys it, or renders it impossible to return it.

2. **Sales ☞287(6)—Under special warranty duty to return goods if defective held waived.**

Where it was specially agreed that if paint sold was not as guaranteed it should cost buyer nothing any duty to return or offer to return the paint on breach of such guaranty was waived.

3. **Sales ☞435(1)—Plea of recoupment for breach of warranty held sufficient.**

In an action for the price of paint sold, a plea setting up a special warranty and breach thereof, averring the damages consequent upon such breach and offer to recoup such amount against plaintiff's demand, was a proper plea of recoupment.

4. **Sales ☞358(1)—Letter inclosing remittance and promising to send balance due held admissible.**

A letter, written by the buyer of paint to seller some months after the purchase, inclosing $25 and promising to "send the balance in a short while," held admissible in action for the price of the paint.

5. **Evidence ☞474(19)—Tinner and roof painter held competent to express opinion on value of paint.**

On the issue of breach of warranty of quality of paint sold, a tinner and roof painter who had used some of the paint, while he had not qualified as an expert or shown a knowledge of the value of various paints, held sufficiently qualified by his experience to testify that, in his opinion, the paint was of no value.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Action by Stewart, Adams & Co. against W. E. Curb. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Pleas 3 and D are as follows:

"3. That plaintiff sold defendant a half barrel of paint, and shipped defendant two barrels of paint, which defendant refused to accept, and plaintiff sent his agent to see defendant, and defendant notified him he had not bought two barrels of paint, and therefore would not and had not accepted the said shipment. Plaintiff then agreed that, if defendant would receive the two barrels of paint, he would guarantee it would be good, and hold its color and stand the weather for eight years, and also that, if the paint was not as guaranteed, it should not cost defendant one cent. That defendant, relying on the agreement of plaintiff and in pursuance of same took the said two barrels of paint from the plaintiff, and the said paint washed off and has not stood the weather, and is not holding and is no good, and defendant avers that by reason of said guarantee he does not owe plaintiff one cent."

"D. That at the time of the commencement of this suit plaintiff was indebted to the defendant, in the sum of to wit, $250, damages for the breach of a certain warranty made the defendant by plaintiff's agent at the time of the sale of said paint. That said paint, for the

value of which this suit is brought, was of good quality. Defendant avers that same was not of good quality, and the defendant applied the same to his house, and that on account of its poor quality that same washed off, whereby defendant was caused to lose the value of the cost of applying the same to his house, to his damage in said sum, which he offers to recoup or set off against the demand of plaintiff, and claims judgment for the excess."

The following letter was introduced in evidence over the objection of defendant:

"W. E. Curb.

"Everything in Merchandise.

"7/22/20.

"Stewart, Adams & Co., Chicago, Ill.—Dear Sirs: Enclose find check for $25.00, will send the balance in short while. Have lot of lumber to ship, but could not get cars. Just as soon as things open up will be able to pay you all I owe you.

"Respt., W. E. Curb."

R. B. Evins, of Greensboro, and A. W. Stewart, of Marion, for appellant.

Counsel argue the questions raised, but without citing authorities.

Keith & Wilkinson, of Selma, for appellee.

A party cannot rescind a sale without restoring the other party to his former condition. Dill v. Camp, 22 Ala. 249; Young v. Arntze, 86 Ala. 116, 5 South. 253; Eagan Co. v. Johnson, 82 Ala. 233, 2 South. 302; Jemison v. Woodruff, 34 Ala. 143; Athey v. Oliver, 34 Ala. 711.

GARDNER, J. Appellee recovered a judgment against the appellant for the purchase price of certain paint.

Count 4 rested upon a special contract in writing, but was evidently abandoned upon the trial, and will be here laid out of view. The other counts were the common counts for goods sold and delivered upon account and account stated.

[1] Among the special pleas interposed by the defendant was plea 3, alleging an express warranty by the defendant that the paint would be good, hold its color, and stand the weather, and that if it was not as guaranteed that it should cost the defendant nothing. This plea further alleged a breach of this warranty in that the paint washed off and did not stand the weather.

Demurrer to this plea was sustained evidently upon the theory that it was interposed as a bar to a recovery of the entire purchase price, and contained no averment showing that the goods had been returned or tendered. The rule is recognized in this state that—

"When a breach of warranty is relied upon, the plea must aver a return of the property or an offer to do so within a reasonable time after a discovery of the fraud, unless it was value-less. The mere breach of warranty would not prevent the title to the property from vesting in the purchaser by virtue of the contract of purchase. * * * To entitle the purchaser to avoid the payment of the purchase money entirely upon the ground of fraud or breach of warranty, where he holds onto the property, it is not sufficient that it is valueless for the particular purpose for which it was bought; · it must be intrinsically of no value. * * * Of course, the rule of restoration or offer to do so has no application where the use of the property in testing its qualities destroys it or renders it impossible to return it to the · seller." Eastern Granite Roofing Co. v. Chapman & Co., 140 Ala. 440, 37 South. 199, 103 Am. St. Rep. 58; Young v. Arntze & Bros., 86 Ala. 116, 5 South. 253.

[2] The plea fails to show that the paint had been so used that no offer to return could be made. It does allege, however, an express and special agreement as to the warranty of these particular goods, that if the paint was not as guaranteed it should cost the defendant nothing. Under such a special contract we are of the opinion any duty to return or offer to return was waived, and that the plea discloses a good defense. Illustrations of specific contract agreements concerning warranties bearing some analogy to that here in question may be found cited in the note to 35 Cyc. 437–440. Demurrer to plea 3 was improperly sustained.

[3] Plea D set up a special warranty, and the breach thereof, averring the damage consequent upon such breach and offer to recoup or set off such amount against the plaintiff and judgment for the excess. This was a proper plea of recoupment, and no offer to return was necessary. Eastern Granite Co. v. Chapman, supra. We are of the opinion this plea was not subject to any ground of demurrer interposed thereto.

What we have here said will suffice as to the rulings upon pleadings without further consideration of the special pleas.

[4, 5] Upon the question of evidence, we are of the opinion that the letter written by the defendant to the plaintiff some months after the purchase of this paint was admissible, and no error was committed in this respect. One McFerrin, a witness for the defendant, qualified as an expert tinner and roof painter, and had used some of the particular paint involved in this controversy. The question propounded by the defendant to this witness clearly indicates the purpose to have him testify that the paint was in his opinion of no value. While it is true he had not qualified as an expert or shown a knowledge of the value of various paints, yet we think his experience as a roof painter sufficiently qualified him to testify that in his opinion this paint was of no value whatever, and the objection to the question should have been overruled. The evidence was pertinent to some of the special defenses interposed.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.