# Reese *v.* Fuller.

*Action on Common Counts for Money Had and Received..*

(Decided February 13th, 1902.)

1. *Pleading, error without injury in rulings on.*—Where a party has all the rights under certain pleadings, to which he would have been entitled under other pleadings filed by him to which demurrers were sustained, error in sustaining such demurrers is without injury.

2. *Same; judgment; sufficiency of; review.*—The mere recital in a minute entry that certain demurrers were sustained, is not a sufficient judgment to authorize its review on appeal.

3. *Money had and received; when action not maintainable.*—Where defendant received money from plaintiff, in payment of a debt plaintiff owed defendant's assignor, with the agreement that in case plaintiff's said indebtedness should be subjected by garnishment proceedings then pending against defendant's assignor, and plaintiff as garnishee, the defendant should pay the money to the plaintiff in the garnishment, and there was a judgment in the garnishment proceeding against the defendant therein for an amount greater than that held by defendant, and against the garnishee for a sum equal to that held by defendant,—the plaintiff, not having paid such judgment against him as garnishee, cannot maintain an action against defendant for money had and received.

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

This was an action brought by the appellant, S. D. Reese, against the appellee, S. L. Fuller. The complaint as originally filed contained seven counts. The first five counts were in substance and effect the common counts for money had and received. The sixth count was as follows: "6th. The plaintiff claims of the defendant the further sum of one hundred and fifty dollars, due from him by account for money had and received by defendant for plaintiff's use, being money borrowed by plaintiff from the Cullman Building & Loan Association, which

the said defendant received on, towit, the 26th day of December, 1892, for the purpose of liquidating an indebtedness of the plaintiff, to B. R. Williams & Sons, and plaintiff avers that at the time the said defendant received said money Friedman Bros. & Shafer had pending in the circuit court of Cullman county, Alabama, a suit against said B. R. Williams & Sons, and at their instance on, to-wit, the 5th day of December, 1892, a writ of garnishment had issued in said cause, and on said date was served on the plaintiff, citing him to appear and answer what he was indebted to said Williams & Sons, and in answer to said garnisment on the 16th day of November, 1893, the plaintiff appeared and answered that he was indebted to said Williams & Sons in the sum of one hundred and fifty-two dollars and suggested in his said answer that the defendant claimed said debt as assignee of said Williams & Sons under deed of assignment executed on the 6th day of December, 1892, for the benefit of their creditors, thereupon notice was issued to said defendant as required by law citing him to appear and propound his claim in writing, which he wholly failed and neglected to do, and judgment was rendered against the plaintiff as garnishee in said cause upon his answer in favor of said Friedman Bros. & Shafer, and plaintiff avers that the said defendant received said money for the purpose of extinguishing said debt, which he did not do, but converted said money to his own use, and which amount with the interest thereon is due and unpaid, for which this suit is brought to recover." The seventh count was substantially the same as the sixth, with the following additional averments: "And plaintiff avers that he borrowed said money from the Cullman Building & Loan Association for the purpose of liquidating said indebtedness to said Williams & Sons, and said money was placed in the hands of the defendant as a disinterested party to hold until the termination of said litigation and said litigation has terminated and judgment was rendered against the plaintiff on said debt of Williams & Sons and as soon as the same was settled said money so received by him was to be applied to the satisfaction of said indebtedness of the plaintiff to B.

R. Williams & Sons, and plaintiff avers that the defendant has not so applied said money but has converted it to his own use and benefit, which amount with the interest thereon this suit is brought to recover." The defendant demurred to the sixth and seventh counts upon several grounds. The recital of the minute entry as to the action of the court upon these demurrers was as follows: "Defendants demurrers to the sixth and seventh counts of the complaint are by the court sustained." The defendant pleaded two pleas, which were as follows: 1. "The defendant for answer to the other five counts of the complaint says he does not owe the same or any amount to said plaintiff." 2. "The defendant for answer to the counts in conversion says he is not guilty of the matters and things alleged therein."

The plaintiff moved the court to strike the pleas numbered 1 and 2 from the file, and also demurred to said pleas.

The recital in the judgment entry as to the rulings of the court upon the motion to strike the pleas 1 and 2 from the file and the demurrers thereto was as follows: "Thereupon plaintiff moved the court to strike separately pleas 1 and 2 from the files, which motion being duly considered by the court is overruled. And to this action of the court plaintiff excepts. Thereupon plaintiff demurs to pleas 1 and 2 on file in this cause, which demurrer being duly considered by the court is overruled."

The judgment entry recites that issue was joined upon these pleas. The facts of the case as adduced on the trial are sufficiently stated in the opinion, and under the opinion it is unnecessary to set out in detail the rulings of the court upon the evidence, to which rulings exceptions were reserved by the plaintiff.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. B. Brown, for appellant.

GEO. H. PARKER, *contra.*

MCCLELLAN, C. J—All of the counts of the complaint as originally filed were in assumpsit for money had and received. Under counts 1, 2, 4 and 5 the plaintiff had all the rights he would have had under counts 6 and 7, nor was he subjected to any greater burdens under the first four than would have been upon him under the last two counts of the complaint. If the court sustained demurrers to counts 6 and 7 which it should have overruled, the ruling involved no prejudice to the plaintiff. Whether such demurrers were sustained, however, we are not advised, since there is no *judgment* in the record upon them. We cannot look to the mere statement, which does appear, that these demurrers were sustained. But it is properly shown that these counts were offered to be filed at a subsequent term as amendatory of the complaint and that the court refused to allow such amendment. Upon the considerations adverted to above this action involved no injury to the plaintiff below.

Much the same may be said in respect to the pleas and the alleged action of the court upon them. "Not guilty" was an improper plea, but it did the plaintiff no harm, and he was not hurt by the failure of the court to strike it or to hold it bad on demurrer. The proper plea would have been a denial of the allegations of the complaint; but as the case was heard on a plea that the defendant did not owe the plaintiff the sum claimed or any amount as it would have been tried on the general issue interposed in the statutory form, plaintiff could not have been injured by the overruling of his demurrer to and motion to strike said plea.

The evidence adduced on the trial below together with the evidence there offered by the plaintiff—the defendant offered none—and excluded went at the most to show only that the defendant received money from the plaintiff in payment of the debt plaintiff owed Williams & Son, defendant being their assignee, with the agreement and understanding that in case plaintiff's indebtedness to Williams & Son should be subjected by the garnishment proceedings then pending to the satisfaction of

the debt due Friedman Bros. & Shafer from Williams & Son, the defendant should pay the money to said Friedman Bros. & Shafer, the plaintiff in garnishment, that there was a judgment in the suit of Friedman Bros. & Shafer against Williams & Son for an amount greater than the sum held by the defendant and a judgment in the garnishment proceedings against Reese, the plaintiff here, for a sum equal to that held by defendant with interest, and that said judgment in garnishment has not been paid. Upon this state of facts the defendant Fuller is still under duty and has the right to pay the money in question on the judgment recovered against Reese as garnishee in the other action: Indeed it is money had and received by him to the use of Friedman Bros. & Shafer and they might recover it of him. Had Reese, plaintiff here, been forced to pay that judgment he would have had a cause of action against Fuller. Not having paid it he has none; and the court properly gave the affirmative charge at the request of defendant. As this conclusion is reached upon the assumption that all the evidence offered by plaintiff was admitted, it is plain that if the court erred in excluding certain evidence offered by plaintiff, it was error without injury.

Affirmed.

*Action on Common Counts for Money Had and Received.*

