# McEwen *v.* Varner.

### *Assumpsit and Trover.*

(Decided April 16, 1912. 58 South. 798.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the general affirmative charge is given for the defendant as to certain counts in the complaint, he cannot complain of rulings as to such counts prior thereto.

2. *Same; Review.*—Where there was no special replications to the pleas, issue being taken upon them merely, and where the defendant did not request the trial court to give the general charge in his favor, questions as to the sufficiency of evidence to sustain a plea or to sustain a verdict for the plaintiff are not reviewable on appeal by the defendant.

3. *Trespass; Elements.*—Actual or constructive force is an essential element of trespass.

APPEAL from Coosa County Court.

Heard before Hon. S. L. BREWER.

Assumpsit and trover by W. A. Varner against W. P. McEwen. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEPHEN J. DARBY, for appellant. Charge 2 ought to have been given, as no estoppel was established, and defendant's lien was paramount to plaintiff's mortgage. —*Weaver v. Bell,* 87 Ala. 385; *Clanton v. Scruggs,* 95 Ala. 279; *Hicks Bros. v. Swift Creek Milling Co.,* 133 Ala. 411; *Crawford v. Engram,* 159 Ala. 315. The court erred in refusing charge 4.—*Plot v. Robinson,* 39 South. 771; *Wes. Ry. v. Irvin,* 56 South. 768.

WILLIAM H. & J. A. THOMAS, and FELIX L. SMITH, for appellee. The court takes judicial knowledge of the seasons and the general course of agriculture so as to know whether at a particular date the crops of the country would be so matured as to be severed.—*Wetzell v. Kelly,* 93 Ala. 440; *Treiner v. Stewart,* 55 Ala. 458. An estoppel was shown.—*Crawford v. Ingram,* 157 Ala. 321; *State L. Co. v. Mitchell,* 162 Ala. 471; *Hicks Bros. v. Swift C. M. Co.,* 133 Ala. 424; *Southern L. & T. Co. v. Gisendaner,* 58 South. 737; *Knowles v. Street,* 87 Ala. 361. The argeement was a waiver of claim as a landlord except as to one bale of cotton.—*Leslie v. Hinson,* 83 Ala. 267; *Dowling v. Wall,* 114 Ala. 58.

DE GRAFFENRIED, J.—There were four counts to the complaint. The first two counts were for money had and received. As to these two counts, the court gave to the jury the general affirmative charge in favor of the appellant at the written request of the appellant. The appellant therefore cannot complain of any action of the trial court referable solely to those two counts, or as for that matter, to their presence in the complaint. Whether, under all the evidence in the case, the trial court did not, in thus eliminating those two counts, commit an error of which the appellee might have complained, if

judgment had gone against him, is a question not before us.

1. The third count of the complaint was in trover. To this count the appellant filed a special plea. The appellee did not file a special replication to this plea, but simply took issue upon it. It may be, as claimed in briefs of counsel, that the evidence sustained the plea. It may be, as claimed in the brief of appellee's counsel, that there was evidence from which the jury was authorized to find a verdict in favor of the plaintiff on the third count, if the appellee had, by an appropriate replication in confession and avoidance, properly set up his defense to said plea. As there was no special replication to this plea, and as the appellee simply took issue upon it, and as the appellant did not, in writing, request the court to charge the jury that if they believed the evidence they should find for him under the third count, none of these questions are presented to us for review.

2. The fourth count of the complaint was in trespass and was in the Code form for such actions. There was not the slightest evidence in the case tending to show that the appellee was entitled to recover under that count. The evidence fails to show that the appellant with force, either express or implied, committed any tort with reference to the property described in the complaint. In fact, the evidence shows that if a tort was committed it was committed without force, either express or implied. It is a familiar rule that there can be no trespass where there has been no force, either express or implied—*Plott v. Robinson,* 39 South. 771.

The appellant, in writing, requested the court to charge the jury that if they believed the evidence they should find for the defendant under the fourth count of the complaint. This charge the court refused to give to the jury, and in doing so committed reversible

error. We are not able, under the rules for our guidance which have been laid down by the Supreme Court, to say that the refusal of the trial court to give this charge to the jury was without injury to the appellant. The case of *Reese v. Fuller,* 132 Ala. 282, 31 South. 601, cited by counsel for appellee in their brief, announces no principle of law which is applicable to the question of law which is now presented. In this case the appellant undertook to get the court, after all the testimony was in, and before the jury retired, to eliminate the appellee's case, as presented by count 4, by asking for appropriate instructions, which the court refused to give. The fact that the appellant undertook, by asking appropriate instructions, to eliminate that count from the case, and the fact that the court refused to do so, and that all this was done at the conclusion of the evidence, when the case was being submitted in charge to the jury, are certainly persuasive of the conclusion that count 4 was, when the case was submitted to the jury, and while the jury were deliberating upon the case, regarded as a material part of the appellee's complaint, certainly by the appellant and by the court.

3. We have above discussed the only question presented to us for our determination by the record in its present condition.

For the error pointed out this cause is reversed and remanded.

Reversed and remanded.