[American Sales Book Co. v. Pope & Co.]

# American Sales Book Co. *v.* Pope & Co.

### *Assumpsit.*

(Decided January 14, 1913. 61 South. 45.)

1. *Appeal and Error; Record; Demurrers; Judgment Entry.*— Where demurrers were filed to eight pleas, a judgment entry showing that the court sustained demurrers to five of the pleas, by number, "and overruled as to all other pleas" was not sufficient to support assignments of error based on the overruling of such demurrer.

2. *Same; Review; Theory Below.*—Where an action of assumpsit is tried to its conclusion below on the theory of an issue made by the plaintiff's replication, the appellate court will consider the case on the same theory.

3. *Contract; Sales; Acceptance; Waiver.*—Where defendants denied liability under the contract because not notified, as requiring by its terms, that plaintiff had accepted it, and the case was tried to its conclusion on the theory of the issue made by replication alleging that the defendants waived such notice by receiving goods under the contract, plaintiff was entitled to an instruction that if defendants received the goods sold them by the plaintiff, they waived notice of the acceptance of their contract by plaintiff.

4. *Sales; Contract; Right to Rescind.*—Where a buyer retains part of the goods bought under the contract, he cannot avail himself of any right to rescind for fraud, since he cannot be heard to assail the contracts and retain its fruits.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by the American Sales Book Company against S. H. Pope and R. O. Richards, individually, and as partners. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The first count claims for balance due on goods, wares, and merchandise sold. The second count claims for balance due for certain goods sold, naming them specifically. The third count claims on a special contract which is made an exhibit to the complaint, which is in the nature of an order to the plaintiff from the defendant to

ship certain goods mentioned therein, agreeing to pay $100, $5 upon delivery, and the balance in six equal monthly payments or 5 per cent. cash ten days. It is agreed that, should there be a failure to pay any drafts or execute notes for deferred payment, the full amount should at once become due and payable, anything in the notes to the contrary notwithstanding, and, in default of any payment, that the goods might be removed, and the amount paid thereon be taken and deemed to be payments for the use of the goods therein specified. The pleas 1 and 2 were the general issue. (3) "No consideration, in that the goods were entirely worthless, and of no value, and that the said goods constitute the sole and only consideration for the contract." (4) "Failure to mail an acceptance of said contract as provided in said contract, by the plaintiff." (5) "That the sole consideration for the demands sued on is the purchase price of the goods mentioned in the contract, and that under the contract the title to said goods remained in the plaintiff until fully paid for, and the defendant says that it delivered back to the plaintiff all the goods therein mentioned and that plaintiff accepted the same." (6) Same as 5. (7) "The sole consideration for the demand sued on was the articles mentioned in the contract, and that said contract was not approved in writing by the plaintiff, and was not accepted and acknowledged and mailed from the factory as provided by the terms of the contract." (8) "Alleges representations made by the agent of the plaintiff that the goods were useful and valuable instruments to be used in defendant's mercantile business, and that the contract was made on the faith of said representation, and that the goods were not suitable for the purpose for which they were purchased, said purpose being known to the plaintiff at the time said contract was made, and that said repre-

sentations were false, etc., of which fact defendant·was not aware at the time of signing the contract." (9) Fraud based on the same facts as set out in plea 8.

The replications are: (1) "That defendant received the goods shipped under the contract without having received an acknowledgment and acceptance of the same in writing, and thereby waived plaintiff's written acceptance." (4) "Answering pleas 8 and 9: (1) That defendant had knowledge of the facts at the time of the execution of the contract, as shown by the contract, that plaintiff's salesman had no authority to make any agreement, verbal or otherwise, except as written in said contract. (2) That plaintiff's salesman had no authority to make any of the alleged false or fraudulent representations to the defendant, to secure their contract for the goods purchased by defendant, and that plaintiff was not bound by same when such was made."

Charge 4 was refused to the plaintiff, and is as follows: "I charge you that, if you believe to your reasonable satisfaction from the testimony that the defendants received the goods sold them by plaintiff, then defendants waived notice of acceptance of their contract by plaintiff in writing as set out in the contract."

JOHN A. DARDEN, for appellant. Plea 4 was not good, nor was plea 7.—145 Ala. 331; *Allgood v. The Bank,* 115 Ala. 418; *Samples v. Guyer,* 120 Ala. 61; 113 Ala. 467. There can be no valid rescission of the contract where the fruits of such contract is retained, and hence, demurrer to plea 5 should have been sustained.—Authorities supra. The demurrers to amended plea 8 should have been sustained.—*Sword Med. Co. v. Case,* 145 Ala. 331. No presumption can be indulged that there was other evidence in the case, since the bill of exceptions contains the averment that this was substan-

[American Sales Book Co. v. Pope & Co.]

tially all the testimony.—*Thomas Bros. v. Williams,*
54 Ala. 494.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. Atten-
tion is called to the fact that the judgment is not suf-
ficient to support an assignment of error based on a
sustaining of demurrers to the pleas. A waiver or an
estoppel must be specially pleaded.—*Blair v. Williams,*
159 Ala. 655. Defendant proved its pleas, or at least
some of them, and was therefore entitled to the affirma-
tive charge, and hence, any error was without injury
to the appellant.

PELHAM, J.—The appellee, defendant below, filed
pleas numbered from 1 to 9, inclusive, to the plaintiff's
complaint, claiming on account and special contract
in its different courts. The plaintiff filed demurrers to
pleas 2, 3, 4, 5, 6, 7, 8, and 9, and the judgment entry
set out in the record shows that the court sustained de-
murrers to pleas 2, 5, 6, 8, and 9, "and overruled as to
all other pleas." The judgment entry further shows
that the defendant by leave of the court amended pleas
5, 6, 8, and 9 by filing separate paper writing setting
out the amendments, and that the plaintiff refiled all
demurrers theretofore filed to the original pleas to these
pleas as amended, and the demurrers so filed to amended
pleas 5, 6, 8, and 9, were overruled, and a judgment of
the court is shown to that effect. It will be observed,
however, that under the rulings of the Supreme Court
the judgment entry does not show a sufficient judgment
on the demurrers to pleas 3, 4, and 7 to support the as-
signments of error based on such rulings.—*Hereford v.
Combs,* 126 Ala. 369, 28 South. 582; *Bessemer L. & I.
Co. v. Dubose,* 125 Ala. 442, 28 South. 380; *Speer v.
Crowder,* 32 South. 658; *Dantzler v. Mill Co.,* 128 Ala.

410, 30 South. 674; *Reese v. Fuller,* 132 Ala. 282, 31 South. 601.

It is also shown by the judgment entry with respect to the ruling in this particular that after the court sustained the demurrers to pleas 2, 5, 6, 8, and 9, the defendant filed amendments to these pleas, and the plaintiff refiled demurrers to them but did not refile demurrers to pleas 3, 4, and 7. The judgment on the plaintiff's demurrers filed to amended pleas 5, 6, 8 and 9 is a joint judgment, and no separate ruling seems to have been invoked or made, or judgment entered, on the demurrers to these pleas separately, so far as appears, or is shown by the judgment entry. While it is true, as contended by the appellee, that a reversal of the case would not be authorized on the joint judgment on the demurrers to these pleas because all of them are not subject to the demurrers interposed, it is also true that the case was tried to its conclusion on the theory of the issue made by the plaintiff's replication as set out in the record, and this court will consider the case on the same theory. — *Planters' & Merchants' Independent Packet Co. v. Webb,* 156 Ala. 551, 46 South. 977, 16 Ann. Cas. 529; *Gainer v. So. Ry. Co.,* 152 Ala. 186, 44 South. 652; *Hardeman v. Williams,* 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; *R. & D. R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86; *Avery & Co. v. Turner,* 3 Ala. App. 627, 57 South. 255.

Treating the case on this theory, the court was in error in refusing charge No. 4 requested by the plaintiff. It was also error to overrule the plaintiff's motion for a new trial on the ground that the verdict for defendants was contrary to the evidence. The evidence without conflict showed that, while the defendants shipped back to the plaintiffs the recapitulator they retained supplies furnished with it under the contract to

the value of about $20 and made no payment of any
amount aside from the $5 paid to the agent when enter-
ing into the contract. One cannot exercise his right of
rescission because of misrepresentation and fraud prac-
ticed on him, and still retain part of the benefits of the
contract and escape liability therefor. He must make
restoration of what he has received—put the other party
in statu quo. He cannot both assail the contract and
retain its fruits.—*Rabbitte v. Ala. Gt. So. Ry. Co.*, 158
Ala. 431, 47 South. 573; *Jones v. Anderson*, 82 Ala.
302, 2 South. 911; *Walker v. L. & N. R. R. Co.*, 111 Ala.
233, 29 South. 358; *Young v. Arntze*, 86 Ala. 116, 5
South. 253; *Hoyt v. Turner*, 84 Ala. 523, 4 South. 658;
*Wilcox v. San Jose Co.*, 113 Ala. 519, 21 South. 376, 59
Am. St. Rep. 135; *Wellden v. Witt*, 145 Ala. 605, 40
South. 126; *Royal v. Goss*, 154 Ala. 117, 45 South. 231;
*Harrison v. Ry. Co.*, 144 Ala. 246, 40 South. 394, 6 Ann.
Cas. 804.

Under the issues and theory upon which the case was
tried, the verdict for the defendants was not authorized
by the evidence, and the plaintiffs' motion to set aside
the verdict should have been granted.

For the errors pointed out the case must be reversed.
Reversed and remanded.