# Craven v. Quillin.

### Breach of Warranty.

(Decided November 30, 1916.   73 South. 413.)

1. **Exchange of Property; Warranty; Jury Question.**—Under the evidence in this case, it was a question for the jury whether or not defendant warranted the mule to be a good old mule, peart enough for plaintiff's purposes.

2. **Sales; Breach of Warranty; Rescission.**—Breach of warranty in a sale of cattle, is ground of rescission by the buyer, regardless of misrepresentation or deceit.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by A. J. Craven against H. C. Quillin. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6.   Reversed and remanded.

The testimony of plaintiff was that defendant sent for him to bring a horse to Russellville; that defendant had a mule he wanted to trade for the horse; that he did so, and after looking at the mule they came back to where defendant was and asked defendant about the mule, and Quillin said "it was a good old mule; that he was not as good as a young mule, but was peart enough for what I wanted it for, and that was after I had told him that it was an old plug of a mule it shouldn't stay on my place, as I wanted a good wagon mule and a plow mule. The mule's head was painted, and when I brought him back to Quillin the same day and told him he was his mule, I also told him that he had painted the mule's head, and he replied, 'I told you it was a black mule, and it is a black mule.' " Defendant denied that he made any statement at all or knew anything about painting the mule's head, but that he told plaintiff to go up to the pasture

[Craven v. Quillin.]

and look at the mule, and if the mule suited him they might trade.

TRAVIS WILLIAMS, for appellant.  W. L. CHENAULT, for appellee.

SOMERVILLE, J.—"In order to constitute a warranty, no particular form of words is necessary—the word 'warrant' need not be used.  A bare representation or assertion as to the quality of the property, if so intended and understood by the parties, will amount to a warranty."—*Barnett v. Stanton*, 2 Ala. 181.

(1) Plaintiff's testimony tended to show that he traded his horse for defendant's mule upon defendant's assurance that "it was a good old mule, not as good as a young mule, but was peart enough for what I wanted it for"—i. e., for a wagon mule and plow mule; and further that it was "a peart old mule, and a good work mule."  Whether this was, under the circumstances, intended and accepted as a warranty of the qualities of the mule, and, if so, whether the warranty was breached, thus authorizing a rescission of the trade and the recovery of his horse by plaintiff, were questions of fact for the jury.

(2) It is well settled in this state that the breach of a warranty in the sale of chattels, whether it amounts to a misrepresentation and deceit or not, is ground for rescission by the purchaser.—*Barnett v. Stanton*, 2 Ala. 181; *Eagan Co. v. Johnson*, 82 Ala. 233, 2 South. 302; *Thompson v. Harvey*, 86 Ala. 521, 5 South. 825; *Frith v. Hollan*, 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54; *Baer v. Mobile, etc., Co.*, 159 Ala. 491, 49 South. 92; *McCoy v. Prince*, 11 Ala. App. 388, 66 South. 950.

The instructions given to the jury at the instance of defendant ignore and exclude from consideration the right of plaintiff to rescind the trade on account of the breach of warranty alone, and were therefore erroneous.  So, plaintiff having promptly and efficiently rescinded the trade, the requested instruction that "if Quillin warranted the mule to be a peart and serviceable mule, when in fact it was not, the plaintiff is entitled to recover in this action," was a correct statement of the law as applicable to the evidence, and should have been given.

There was no error prejudicial to plaintiff in the rulings on the evidence.

[Central of Georgia Ry. Co. v. Barnitz.]

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.