(78 South. 851)

DE HART v. JOHNSON. (7 Div. 940.)

(Supreme Court of Alabama. April 11, 1918.)

1. PRINCIPAL AND AGENT ⬅70 — RIGHT TO COMPENSATION—DUAL RELATION.

An agent may not act on behalf of two principals dealing with each other, unless both principals have knowledge thereof and consent thereto.

2. PRINCIPAL AND AGENT ⬅70—DUAL RELATION—RIGHT TO COMMISSION.

Where a third person employed plaintiff to make sale of property, and he had negotiated sale to defendant, fact that in final negotiation defendant said, "Suppose I pay you $75, and" the vendor $3,500, did not create plaintiff his agent, nor render defendant liable to plaintiff for the $75, since the transaction was already completed so far as plaintiff was concerned.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by J. P. Johnson against L. A. De Hart. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

C. H. Young, of Anniston, for appellant. Harvey A. Emerson and P. F. Wharton, both of Anniston, for appellee.

SAYRE, J. Appellee sued appellant for damages for the breach of an alleged contract "wherein and whereby the defendant agreed to pay the plaintiff the sum of $75 to negotiate with H. M. Fagan for the sale to the defendant" of a certain house and lot in the city of Anniston. The above-quoted and other parts of the complaint make it clearly to appear that appellee was suing to recover a commission earned by him as agent for appellant in procuring for the latter a contract for the purchase of Fagan's house and lot.

For a reversal of the judgment against

him appellant relies upon the principle of law stated in 31 Cyc. 1448, in the following language:

"One cannot act as agent for both the buyer and the seller in the same transaction, since it is to the interest of the vendor to secure the highest price and the purchaser to pay the least, and the agent thereby puts himself in a conflicting position"

—contending that the trial court failed to recognize and enforce this rule in refusing certain charges in writing requested by him.

[1, 2] Appellant's contention must prevail. The reason underlying the above-stated rule is that the agent may not place himself in a position tending to induce bad faith toward one or both his principals; but it is true that there is no legal objection to such double employment, if both principals are given fully to understand the situation and consent thereto. Green v. Southern States Lumber Co., 163 Ala. 511, 50 South. 917, and cases cited; 31 Cyc. 1448. It is also true, no doubt, that both parties to the transaction which appellee undertook to negotiate fully understood all the elements of the situation between them; but we find in the bill of exceptions no evidence going to show that appellee at any time acted as agent for appellant or that the parties to the transaction so understood. Appellant, according to the testimony for appellee, did say to appellee, at the conclusion of a negotiation between appellant and Fagan conducted through appellee and lasting several days, "Suppose I pay you $75, and I will give Fagan $3,500 for the place," which offer, upon its being reported to him, Fagan agreed to accept, and upon this evidence appellee's case rested. There is nothing in the evidence even remotely suggesting that prior to this appellee had acted for appellant. It is clear beyond doubt that he had been acting for the prospective vendor, and upon the whole evidence it is clear beyond reasonable inference to the contrary that, to reach an agreement all around, Fagan had receded from the price originally put upon his property while appellee, in Fagan's favor, had abated his claim of a commission, originally fixed at 5 per centum, and that appellant made use of the above-quoted language, or made the above-stated proposal, if that form of expression is to be preferred, as a mere method of stating finally and in definite terms the understanding among all the parties in interest as to the total amount to be paid and the distribution thereof between appellee and his principal. Obviously, appellant did not thereby employ appellee to do what had already been done. It may be that the proposal should be taken as a promise to pay to appellee a part of the purchase money for which Fagan bargained—or rather, perhaps, that it might have been so taken if the contract had resulted in a conveyance of the land—but that view of the proposal would bring into consideration questions which would arise only upon an action to enforce the proposal as such a promise. Upon the whole evidence, including the testimony of appellant, it is clear beyond reasonable inference to the contrary, we think, that appellant at no time employed appellee to negotiate for him a purchase of Fagan's property, and hence that, as against the complaint, appellant was entitled to the general charge which he requested in due form.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.