(110 So. 903)

GANT et ux. v. DUNN.   (6 Div. 805.)

(Supreme Court of Alabama.   Jan. 13, 1927.)

1. Fraudulent conveyances ⊝⟹206(2)—Plaintiff securing judgment for malicious prosecution and who served summons before defendant's conveyance held creditor at time of conveyance.

Where summons were served in action for malicious prosecution, in which judgment was rendered one day before conveyance by defendant was executed, plaintiff therein was a creditor of defendant at time of conveyance within statute as to fraudulent conveyances.

2. Fraudulent conveyances ⊝⟹74(3)—As to existing creditors, voluntary conveyance is fraudulent regardless of financial condition or intent.

Voluntary conveyance is fraudulent as to existing creditors, regardless of grantor's financial condition or intent.

3. Equity ⊝⟹145—Allegations that conveyance covered substantially all grantor's property, that grantee was put on inquiry and conveyance was voluntary held sufficient even if bill had double aspect.

Even if bill under statute denouncing fraudulent conveyances, which alleges that conveyance was voluntary and in addition alleges that conveyance disposed of substantially all grantor's property, and that grantee was put on inquiry and that conveyance was voluntary, is framed in double aspect, proof of added allegations will warrant relief.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by John M. Dunn against K. P. Gant and wife. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed.

Curtis, Pennington & Pou, of Jasper, for appellants.

For a creditor to set aside a conveyance as fraudulent, he must allege and prove fraud on the part of the vendor, participated in by the vendee, and that he has been injured by the transaction. 12 R. C. L. 491; J. I. Kelley Co. v. Pollock, 57 Fla. 459, 49 So. 934, 131 Am. St. Rep. 1101. The bill and each alternative averment should allege that the purchaser knew of, and participated in, the fraudulent intent of the seller. Pippin v. Tapia, 148 Ala. 353, 42 So. 546; Martinez v. Meyers, 167 Ala. 456, 52 So. 592; Boutwell v. Spurlin Mer. Co., 203 Ala. 482, 83 So. 484; Allen v. Overton, 208 Ala. 504, 94 So. 478; 12 R. C. L. 485.

L. D. Gray, of Jasper, for appellee.

A voluntary conveyance by a debtor is fraudulent without regard to his financial condition. Equity of bill does not depend upon insolvency of debtor. Wood v. Potts, 140 Ala. 425, 37 So. 253; Wallen v. Montague, 121 Ala. 287, 25 So. 773; Gurley v. Robertson, 178 Ala. 326, 59 So. 643; Sutterer v. Morris Fert. Co., 208 Ala. 687, 95 So. 166. Complainant is a creditor entitled to maintain this bill. Galloway v. Shaddix, 197 Ala. 273, 72 So. 617. If the purchaser have actual or constructive notice of intent on the part of the debtor to defraud creditor, or knowledge of suspicious circumstances sufficient to excite inquiry, it may render the sale void. Schaungut's Adm'r v. Udell, 93 Ala. 302, 9 So. 550. There can be no bona fide purchaser who is a voluntary grantee or donee. Bibb v. Freeman, 59 Ala. 612.

⊝⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. [1] The bill in this cause was filed more than two years after the principal defendant, M. F. Gant, had taken a conveyance of the property described in the bill from her husband, K. P. Gant, who also is made a party defendant. The conveyance was executed on the day after service of the summons hailing the grantor to court to answer an action of malicious prosecution brought by complainant. That action at law subsequently resulted in a judgment for substantial damages for the complainant, and, a few days later, this bill was filed. Complainant was therefore a creditor of the grantor at the time of the conveyance, and, as such, had a right to file his bill under the statute of this state denouncing fraudulent conveyances. Galloway v. Shaddix, 197 Ala. 273, 72 So. 617.

[2] As we read the bill, the pleader's purpose, and the effect of his language, is to charge that the conveyance in question was voluntary, that the recited consideration was simulated and fictitious and therefore fraudulent and void, as to then existing creditors of the grantor. Such a conveyance is, as to existing creditors, fraudulent without regard to the financial condition of the grantor or his intent in making the conveyance. Wood v. Potts, 140 Ala. 431, 37 So. 253, and cases there cited.

[3] The bill hardly gives evidence of an intention to state complainant's cause of action in an alternative aspect. It does, however, allege, as if to reinforce the equity before stated, that the conveyance between the parties defendant disposed of "substantially, if not all, of the real and personal property owned by him (the grantor) at the time," and was made with intent to hinder, delay, or defraud complainant in the collection of his claim, which the grantee knew or "she had knowledge of facts and circumstances that would put her on inquiry." The averment that the conveyance was "voluntary and without consideration" is repeated. Of course the averments first quoted in this paragraph detracted nothing from the equity already averred; but even if the proof should fail to establish the alleged voluntary character of the conveyance and even though the bill be considered as framed in a double aspect, proof of the added averments will entitle complainant to the relief sought. London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

It follows that the court correctly overruled the demurrer to the bill so far as concerns its stated grounds.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.