(116 So. 314)

### NORTHWESTERN RUG MFG. CO. v. RUSSELLVILLE FURNITURE & MERCANTILE CO. (8 Div. 686.)

Court of Appeals of Alabama. March 27, 1928.

Williams & Chenault, of Russellville, for appellant.

Key & Key, of Russellville, for appellee.

SAMFORD, J. The first assignment of error is based upon the ruling of the court sustaining defendant's objection to a certain order or contract, signed by defendant and dated 9/17/26. This paper was afterwards, when its execution had been proved, introduced in evidence as an exhibit to the testimony of one of plaintiff's witnesses. When first offered, the order should have been admitted, but the error was cured by the subsequent action of the court in admitting the order.

There are seventeen assignments of error grouped and presented in one paragraph of appellant's brief. As there stated, the insistance is that the court permitted the

406

witness McDowell, testifying on behalf of defendant, to state conclusions instead of facts from which the court trying the issues is to draw conclusions. Where different assignments of error relate to and present the same point to be reviewed, it is permissible to argue such assignments under one heading and in one group. But where a part of the group do not raise the point, or they relate to other and different points if any one of the assignments is without merit, such presentation is not in accord with Supreme Court rule 10. In the instant case, several of the questions to which exceptions were reserved have been examined and found not to be error. That being the case, that part of appellant's brief relating to assignments 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 15, 22, 23, 24, 25, 26, 28, and 34 does not meet the requirements of the rule, and we have gone no further into a consideration of them than to ascertain that as to some of the rulings complained of there was no error, and as to others there was no merit in the exceptions reserved. Bransford v. Glennon, 216 Ala. 72, 112 So. 341; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Ala. Co. v. Norwood, 211 Ala. 385, 100 So. 479; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629.

Assignments of error 6, 7, 8, 10, 11, 13, 32, and 33 take the point that the court permitted oral testimony to vary the terms of a written contract. If that insistence were borne out by the record, the trial court would be in error and the plaintiff would be entitled to a reversal. Bozeman v. Colt Co., 19 Ala. App. 126, 95 So. 588. But is that so? The paper referred to by plaintiff as a written contract is nothing more than an order for a certain number of rugs and pillow tops, designating them by the trade-name and fixing the price. This order had printed at the bottom and above the signature of defendant's manager the following:

"Any special terms or agreement with salesman will not be binding unless specified above."

Even if the order signed by defendant's manager be said to rise to the dignity of a contract in writing, it is very apparent that the writing does not contain all the stipulations and agreements of the parties on the subject. Where this is so, parol testimony is admissible to show the entire contract between the parties. Roquemore v. Vulcan I. Works Co., 151 Ala. 643, 44 So. 557. Moreover, the merchandise which is the subject of this suit was sold by the plaintiff to defendant by representations as to quality and by sample. If these articles were not up to the representations as to quality and did not come up to the samples exhibited at the time the order was taken, the defendant had a right, upon the discovery of the defects, to promptly reject the goods and rescind the contract of purchase. Therefore it was proper for the court to admit testimony as to the representations made by appellant's agent at the time of taking the order, that the agent exhibited samples of the goods, and that the goods delivered did not come up to the samples. McCoy v. Prince, 11 Ala. App. 388, 66 So. 950; Craven v. Quillen, 198 Ala. 154, 73 So. 413.

The defendant in this case gave one order and made one contract for the purchase of certain articles of merchandise named and set out in the order together with the price. The goods were received, inspected by the buyer, and found by him not to be as represented. He retained two of the articles named in the order, shipped the others back to the seller, and undertook to rescind the contract. As has already been seen, if the goods were sold under certain representations and upon arrival they were found not to be as represented and of an inferior grade, notwithstanding defendant had signed a written order that they be shipped, the defendant could show by parol the fraud and misrepresentations and by prompt action could rescind the contract. But to do this the defendant, in addition to acting promptly, must return, or offer to return, all of the merchandise named and embraced in the order. The defendant cannot affirm in part and repudiate in part. He must make his election promptly either to rescind the whole contract, in which event he must return, or offer to return, all of the goods unless they are without value or he has been prevented from doing so by the seller; or he can retain the goods and claim an abatement of the agreed price. Con. Jewelry Co. v. Pugh, 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657. And where the defendant by its own act has retained or disposed of a part of the goods contained in the sale, a rescission may not be had without the mutual consent of the parties. Barnett v. Stanton, 2 Ala. 181; Am. Sales Book Co. v. Pope & Co., 7 Ala. App. 304, 61 So. 45; Emerson-Brantingham I. Co. v. Arrington, 216 Ala. 21, 112 So. 428. In the Emerson-Brantingham Case, supra, it is said to be elementary law that a party cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind in toto, if at all. Stephenson v. Allison, 123 Ala. 439, 26 So. 290. 35 Cyc. "Sales," 139; 13 Corpus Juris, "Contracts," 623.

It is in evidence without objection that the defendant company retained two of the pillows included in the order. Defendant's witness was then asked what had been done with these pillows. This question was objected to and exception reserved. What defendant did with the two pillows was immaterial, but the answer that they were sold

could not and did not injure plaintiff in its substantial rights.

The record in this case is prepared in accordance with the local act of the Legislature governing in such matters before the law and equity court of Franklin county, and shows that the cause was tried before the judge of that court without a jury. As to his findings and judgments the same presumptions will be indulged, as findings and judgments before other tribunals. The lower court found for the plaintiff for the value of the two pillows retained by defendant. To do this it must have appeared from the evidence that, upon a return of a part of the goods by the defendant, the plaintiff received them and acquiesced in a return of a part and a retention by the defendant of the two pillows. The defendant could not rescind as to a part and affirm as to the other part without the consent of the plaintiff. As to whether the plaintiff did consent or acquiesce we cannot say. It affirmatively appears from the record that on November 26, 1926, and after the return of the goods, defendants received a letter from plaintiff, which letter was introduced in evidence, but does not appear in the record before us. Under the many decisions of this and the Supreme Court, "whose name is legion," we must presume that there was sufficient evidence in the letter above referred to to sustain the trial court in its judgment. In other words, this court cannot revise the judgment of the trial court on the facts of the case unless we have all the facts before us. Sherman v. Good, 21 Ala. App. 546, 109 So. 893; 1 Mitch. Dig. 422, par. 548 (1); Broughton v. Broughton, 17 Ala. App. 255, 84 So. 635; Wood v. Wood, 119 Ala. 183, 24 So. 841; Toon v. Finney, 74 Ala. 343.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.