(130 So. 171)

## BOOZER v. SHELNUT.

### 7 Div. 685.

Court of Appeals of Alabama.

April 22, 1930.

Rehearing Denied June 17, 1930.

Rutherford Lapsley, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

RICE, J.

This is a suit brought by appellant against appellee to recover claimed commissions for the sale of real estate. There was no testimony in the case except that of the plaintiff, testifying as a witness in his own behalf. Upon the conclusion of his testimony, both plaintiff and defendant rested their cases, whereupon the trial judge gave, at the request of the appellee (defendant), the general affirmative charge in his favor.

The said action of the trial judge must be approved, and the judgment which followed, from which this appeal is taken, affirmed, for at least two, and perhaps three, reasons.

In the first place, the bill of exceptions recites that there was introduced in evidence the *deed*, from appellee to one Warnock, conveying the property, for the sale of which appellant claims he is entitled to the commission sued for, and yet, the said bill of exceptions does not contain, or show, the contents of said deed. Under the established rule of law in this state, in this situation, we will presume that there was sufficient evidence in the deed referred to to sustain the trial court in its judgment. Northwestern Rug Mfg. Co. v. Russellville Furniture & Mercantile Co., 22 Ala. App. 404, 116 So. 314, 317, and cases cited therein. In other words, as stated by Judge Samford in the opinion in the case we have just cited, "this court cannot revise the judgment of the trial court on the facts of the case unless we have all the facts before us."

In the second place, after a binding agreement of sale had been executed by appellee, whom appellant was claiming to represent as agent in the transaction, and from whom he claimed the commission here sued for, and one Warnock, and, upon the meeting for the purpose of closing the sale, etc., it developed, from plaintiff's (appellant's) own testimony, that appellee was advised for the first time that appellant was receiving—in fact, that he did then and there receive, a commission from Warnock in and for the same transaction in which he was (and is) claiming a commission from appellee. *These* facts, warranted the trial judge in taking the action he did. Finney v. Long, 216 Ala. 628, 114 So. 200; Minto v. Moore, 1 Ala. App. 556, 55 So. 542; De Hart v. Johnston, 201 Ala. 497, 78 So. 851; 2 C. J. 712, 713; Id. p. 763.

Now, for the third reason, we do not see the wisdom of our using a "mental microscope," as it were, to ascertain whether or not there was a "scintilla" of evidence offered on behalf of plaintiff (appellant) tending to support his contentions, in such sort that it was error to give the requested general affirmative charge in appellee's favor, on the facts shown, which were most favorable to appellant. There may have been, but, it so clearly appears from the whole evidence that, upon proper motion, any verdict returned by the jury in appellant's favor must have been set aside, as without sufficient support in the evidence, that we would, had we the authority, declare that error, if such there was, in giving at appellee's request the said general affirmative charge in his favor on the ground indicated, was, at most, but technical, and would not avail to reverse the judgment appealed from. However that may be, upon the considerations discussed hereinabove, the judgment appealed from is affirmed.

Affirmed.