163 So. 797

## D. C. SHERRELL CO. v. BARKIN, LEVIN & CO.

### 8 Div. 663.

Supreme Court of Alabama.

Oct. 17, 1935.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Griffin & Ford, of Huntsville, for appellee.

FOSTER, Justice.

This suit is by the seller, who was the manufacturer of ladies' coats, against the buyer. The seller contended and testified that there was no written order, that the sale was made on a verbal purchase by defendant with his agent, while in plaintiff's office in New York, and that the coats as ordered were what they called "half size," that is, shorter than others, and intended for short stout ladies. Defendant contended that he saw the samples and that they were regular

134

sizes, and gave what he calls a written order, which he offered in evidence. It is merely a memorandum, unsigned, showing the amount and terms of the sale of the coats by stock number and size number, with price of each. So there was a sharp issue of fact.

■ Over defendant's objection and exception the court permitted plaintiff to testify that plaintiff, at the time of the transaction, and at the time of the trial, did not manufacture coats of any size other than half size, and had never done otherwise. On those rulings, appellant predicates error.

We think the the question is so similar to that discussed in our case of George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578, that it is controlled by it, and that no further discussion is necessary.

■ Defendant kept some of the coats on display and sold them, returning those not sold because they were half size, though they were all half size. It does not appear that plaintiff accepted them thus returned. On the subject of the effect of that situation, the court charged the jury as follows: "If you are reasonably satisfied from the evidence that defendants received from plaintiffs coats that they did not order and placed them in their stock and offered them for sale to customers in their store and sold some of them, this would constitute an acceptance of such coats, and defendants would not, after such acceptance, be entitled to credit for any of said coats returned, without plaintiffs' consent." To that, defendant excepted.

Assuming, as there hypothesized by the use of the words "returned without plaintiffs' consent," that plaintiff did not accept the goods so returned, the charge is in accordance with well-settled principles. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Stephenson v. Allison, 123 Ala. 439, 447, 26 So. 290, 292; American Sales Book Co. v. Pope & Co., 7 Ala. App. 304, 61 So. 45; Northwestern Rug Mfg. Co. v. Russellville Furniture Co., 22 Ala. App. 404 (11), 116 So. 314.

There being no other assignments of error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.