58 So.2d 785

**RAY et al. v. BREWER et al.**

**7 Div. 138.**

Supreme Court of Alabama.

May 1, 1952.

C. A. Wolfes and Max J. Howard, Fort Payne, and Roy D. McCord, Gadsden, for appellees.

Merrill, Merrill & Vardaman, Anniston, for appellants.

STAKELY, Justice.

This case involves questions relating to the cancellation of a deed as a cloud on the title to real estate.

J. W. Pope, a resident of DeKalb County, married Caldonia Venable, a widow who had two children by the name of J. O. Venable and Ira L. Venable. These two children later assumed the surname of Pope. Four children were born to J. W. and Caldonia Pope, their names being W. L., Floy, Carrie, who later became Carrie Hill by marriage, and Verdie, who later became Verdie Brewer by marriage. The step-sons of J. W. Pope and his children by Caldonia Pope lived together as one family while they were growing up, but the step-sons were never adopted by J. W. Pope although they had assumed the name of Pope.

On September 21, 1921, J. W. Pope died. His widow and the aforesaid children continued to live on the home place aggregating about 160 acres, which is the real estate involved in this suit.

On January 25, 1930, the widow Caldonia Pope and the children, except Verdie Brewer who was dead, undertook to make an agreement to partition the land in kind or in other words to make a family settlement, whereby each of the children would either receive a deed to a certain part of the land to be delivered later, as we shall show, or a mortgage on a certain part of the land to be delivered later, as we shall show. At this settlement Walter Brewer attempted to represent Walton Brewer, the minor son of Verdie Brewer and himself. W. L. Pope, Ira L. Pope, J. O. Pope and Floy Pope each had a deed conveying a different tract of land made to them respectively and signed by Caldonia Pope and the other children and also signed by the

father of Walton Brewer. Carrie Hill had a mortgage executed to her on a tract of the land from J. O. Pope and his wife Mae Pope, a mortgage executed to her by Floy Pope on a different tract of land and a mortgage executed to her by W. L. Pope on a different tract of land, each mortgage securing a promissory note. In each of the mortgages there was a provision that Carrie Hill was to hold one-half of the amount secured by the mortgage in trust for the infant son of Verdie Brewer and to be turned over to him when he reached the age of twenty-one.

At the time this family settlement was attempted J. O. Pope (Venable) and Ira Pope (Venable) were each over the age of 21 years. Floy Pope, W. L. Pope and the son of Verdie Brewer, deceased, were each under the age of 21 years. Carrie Pope Hill was over the age of eighteen and was married.

The agreement made between the parties with Walter Brewer purporting to act for the minor son of Verdie Brewer at the time of the execution of the deeds and mortgages, was that all of the deeds, mortgages and notes then executed were to be held by the widow Caldonia Pope until her death, at which time the grantees and mortgagees were to have delivery of the deeds and mortgages. In the meantime under the agreement the widow Caldonia Pope was to hold actual possession of the land and receive the rents and benefits therefrom during her life. The widow Caldonia Pope died on March 27, 1949, and during all the time from the purported agreement and until her death, she held possession of the land and received the rents and profits therefrom.

Ira Pope (Venable) lived in a house on the place and farmed a part of the land until sometime in 1934 when he moved away and did not again live there. A short time, however, after the execution of the deeds and mortgages he secured the deed made to him from the widow Caldonia Pope, in order to borrow money on the property embraced therein. He negotiated a loan and had the deed to him recorded on February 18, 1930, in the office of the Judge of Probate of DeKalb County. The

other children and parties to the agreement did not agree that the deed made to him be delivered to him and only Floy and W. L. Pope knew of its purported delivery. Although he occupied a part of the farm until 1934, as aforesaid, the rents were paid to the widow Caldonia during her lifetime. Ira Pope (Venable) and Carrie Hill are now deceased. Their heirs respectively are parties to this cause.

At the death of the widow all of the deeds and other papers, except the deed to Ira L. Pope (Venable), were found in the trunk of the widow Caldonia Pope with her other possessions. All of these deeds and instruments were introduced in evidence. No one except Ira L. Pope (Venable) came into possession of the deed or mortgage made to him or her respectively.

Walton E. Brewer, V. W. Hill and Carrie Hill Chandler filed a bill in the equity court for a sale for division of the land in question. W. L. Pope and Floy Pope are named as respondents in the bill. It is alleged that Walton E. Brewer and the respondents W. L. Pope and Floy Pope each own an undivided ¼th interest in the property and that V. W. Hill and Carrie Hill Chandler each own an undivided ⅛th interest in the property. These parties are all the heirs at law of J. W. Pope, deceased.

W. L. Pope and Floy Pope filed an answer and cross bill, admitting that the allegations of the original bill would be true and correct but for certain claims and interests now outstanding which must be cleared up or established in order to make a proper and legal disposition of the property. The cross bill in substance sets up the situation which has been hereinabove related and prayed that J. R. Hill, Walter E. Brewer, J. O. Pope (Venable), Mrs. Myrtis Ray, Charlie Pope, Opal Browning, Horace T. Pope, Fred Pope and Mildred Pope be made parties defendant. The prayer of the cross bill is that following a final hearing the interest and claims in the real estate of all of the aforesaid parties be ascertained and the title quieted in the parties to this suit, who may be entitled thereto. Except Walter E. Brewer all of the parties made parties defendant to the cross bill are the heirs of Ira L. Pope (Venable), deceased.

The case was tried orally before the court with the result that the deed made in the family settlement to Ira L. Pope (Venable) was cancelled as a cloud on the title. The real estate was ordered sold for division among the natural heirs of J. W. Pope, deceased, and the heirs of Ira L. Pope (Venable) were held to have no interest in the land. From this decree the appellants [the heirs of Ira L. Pope (Venable), deceased], bring this appeal.

The right of the heirs of J. W. Pope, deceased, to cancel the deed made to Ira L. Pope (Venable) as a cloud on the title to the real estate involved is dependent upon their right to rescind their purchase from Ira L. Pope (Venable) of an interest in the land. They deeded to him a part of their inheritance in consideration of his deeds to them, all of this being done as aforesaid in a family settlement. Ira L. Pope (Venable) is now dead but his heirs, who are cross respondents to the cross bill, have no more favorable status than he had. Since he is not an heir of J. W. Pope, deceased, he had no interest to convey to the heirs of J. W. Pope, deceased. If they have the right to rescind their purchase of the land from Ira L. Pope (Venable), they have the right to recover the consideration which they passed to him. McWilliams v. Jenkins, 72 Ala. 480; Thompson v. Harvey, 86 Ala. 519, 5 So. 825. That consideration was a conveyance to him of a part of the estate amounting to about 40 acres—it is conceded that in no event could the interest of Walton Brewer in the 40 acres be affected because Walter Brewer, the father of the minor Walton Brewer, had no power or authority to act for his son in the family settlement.

If the heirs of J. W. Pope, deceased, are entitled to a cancellation on account of the rescission of the transaction by which Ira L. Pope (Venable) conveyed to them something he did not own, they are thereby entitled to reinvestment in them of the title to what they undertook to convey to him as the consideration of the convey-

ances by him. His title having descended to his heirs, parties to this suit, it could in this proceeding be divested out of them and into cross complainants upon the establishment of a right to rescind.

The procedure in the case at bar is under § 189, Title 47, Code of 1940. In accordance with the decisions of this court, the procedure in the present case is proper. Grisham v. Grisham, 251 Ala. 340, 37 So. 2d 177; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Betts v. Betts, 250 Ala. 479, 35 So.2d 91.

The right to a return of the consideration upon a rescission is not affected by the recital in the deed by Ira L. Pope (Venable), as to what it is. When and if that deed is rescinded, it is no longer operative for any purpose. Accordingly its recital as to the consideration is not important.

The heirs of J. W. Pope, deceased, in exercising their right to rescind as purchasers from Ira L. Pope (Venable) are privileged to show just what passed from them to him as a consideration for his deeds to them and a court of equity has the right to take such steps as may be necessary to restore to the heirs of J. W. Pope, deceased, their status existing prior to the transaction. Catanzano v. Hydinger, 233 Ala. 166, 170 So. 214. This brings us back to the inquiry of whether or not the heirs of J. W. Pope, deceased, have a right in equity to rescind as purchasers from Ira L. Pope (Venable) by reason of conveyances from him to them of something he did not own.

Even though Ira L. Pope (Venable) as the stepson of J. W. Pope, deceased, had no interest in the real estate which he could convey to the lawful heirs of J. W. Pope, deceased, this is not in itself sufficient to constitute a ground for the rescission of this deed, because as between the parties in this case a consideration was not essentially necessary to the validity of the deed, especially where there is a recital of a consideration in the deed. Houston v. Blackman, 66 Ala. 559, 41 Am.Rep. 756; Stacey v. Walter, 125 Ala. 291, 28 So. 89; 9 Am. Jur. p. 370; 26 C.J.S., Deeds, § 21, p. 195.

In other words, as between the parties the deed might be regarded as a gift or voluntary conveyance. McKee v. West, 141 Ala. 531, 37 So. 740.

It should be kept in mind that we are not dealing with a situation involving fraud where want of consideration may be a badge of fraud, Martin v. Evans, 163 Ala. 657, 50 So. 997; 16 Corpus Juris, p. 484; 37 C.J.S., Fraudulent Conveyances, 81, or with a situation where creditors are involved. Gant v. Dunn, 215 Ala. 411, 110 So. 903.

But under the facts in the case there is a basis on which we consider that this deed from Ira L. Pope (Venable) should be rescinded and cancelled so as to support a right to cancel the deed made to him as the consideration of it. The deeds in the family settlement executed by Ira L. Pope (Venable) contain covenants of warranty of title as to the property conveyed. There was at one time some confusion as to the right of the grantee where there was in the deed covenants of warranty of title. In Hafer v. Cole, 176 Ala. 242, 57 So. 757, there is an expression to the effect that the vendee cannot in the absence of fraud or agreement giving him the right, rescind an executed contract of sale for a mere breach of warranty, his remedy in such cases being on the warranty. However, this court in McCoy v. Prince, 197 Ala. 665, 73 So. 386, referring to the opinion of the Court of Appeals on a former appeal in that case, showed that while the opinion of the Court of Appeals conflicted with the expression in the opinion in Hafer v. Cole, supra, the Court of Appeals properly treated the expression in Hafer v. Cole, as dictum and upheld the ruling of the Court of Appeals to the effect that the buyer of personal property may rescind the contract and recover the consideration paid for either fraud and deceit upon the part of the seller operating to induce the purchase or for a breach of a warranty made by the seller, whether express or implied. McCoy v. Prince, 11 Ala.App. 388, 66 So. 950. The ruling of this court which has been referred to was followed by this court in Craven v. Quillin, 198 Ala. 154, 73 So. 413, in which Mr. Justice Somerville said:

"It is well settled in this state that the breach of a warranty in the sale of chattels, whether it amounts to a misrepresentation and deceit or not, is ground for rescission by the purchaser."

Of course the court was dealing in the foregoing cases with transactions involving personal property, but there can be no difference in principle on the point here under consideration whether the property be personal or real. We say, therefore, that whether there be fraud or not, the substantial breach of warranty of title in a deed conveying real estate is ground for rescission by the purchaser or as in this case by one who has exchanged his property as the consideration. There must be such failure of title as that the purchaser does not obtain the substantial inducement to his contract of purchase. 26 C.J.S., Deeds, § 69, p. 310, note. See, also, Thompson v. Harvey, 86 Ala. 519, 5 So. 825.

We see nothing in the situation in the present case to preclude the court from rescinding the deed from Ira L. Pope (Venable), deceased, at the present time. Neither he nor those claiming under him have been in possession of the property since 1934. Accordingly the suit in the present case is not a suit to recover the land and the true owners in the present case have been at liberty to wait until their right and title is attacked without being chargeable with laches or affected by the statute of limitations. Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776.

A decree pro confesso was entered against J. O. Pope (Venable). He has made no contention or advanced no claim in this case.

It results that the decree which in effect held that the lawful heirs of J. W. Pope, deceased, are tenants in common of the property involved and entitled to a sale for distribution is hereby affirmed. The decree is further affirmed in holding that the heirs of Ira L. Pope (Venable) have no right, title or interest in or incumbrance upon the property involved and that the deed to Ira L. Pope (Venable) should be cancelled of record. § 189, Title 47, Code of 1940. Since no assignments of error are based on the decree of the court holding invalid the other instruments which were executed in the purported agreement made on January 25, 1930, we are not asked to review that feature of the court's decree, which will result in that feature of the decree being left undisturbed.

In view of the conclusions reached it is not necessary to consider questions relating to the delivery vel non of the deed to Ira L. Pope (Venable) when he secured that deed from his mother under the circumstances which have been related.

Upon due consideration of the decree of the lower court, it is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.