**PIZZA HUT, INC., Plaintiff–Appellant,**

v.

**Joseph F. DOLAN, Executive Director, Department of Revenue, State of Colorado, Defendant–Appellee.**

**No. 80CA0201.**

Colorado Court of Appeals, Div. I.

Oct. 23, 1980.

Lohf & Barnhill, P. C., Robert Shaiman, Denver, for plaintiff–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Billy Shuman, Sp.

Asst. Atty. Gen., Denver, for defendant–appellee.

COYTE, Judge.

Pizza Hut, Inc., appeals the district court judgment affirming the decision of the deputy director of the Department of Revenue (Department) that Pizza Hut owned, operated, or controlled 29 restaurants within the state which were subject to the chain–store license fee. We reverse.

On October 17, 1975, the Department issued a field audit deficiency in the amount of $7,162.50 against Pizza Hut based upon Pizza Hut's failure to obtain licenses for its 29 restaurants and failure to pay the requisite licensing fees. Pizza Hut protested this determination and requested a formal hearing. After the hearing, the deputy director affirmed the deficiency. Thereafter Pizza Hut deposited the disputed amount with the Department in accordance with § 39–21–105, C.R.S. 1973.

The pretrial order contained a stipulation by the parties that there are no contested issues of fact. Appellant contends that Pizza Hut restaurants are not stores for the purposes of the Act, or, if they are, they are exempt under the Department regulations.

The Chain Store License Act defines "store" to mean "any stores or any mercantile establishments ... in which goods, wares, or merchandise of any kind are sold ...." Section 12–49–101, C.R.S. 1973. The difference between a store or mercantile establishment and a restaurant is that the restaurant sells a service; the sale of food is merely an incidental part of that service. The distinction is well stated in *State Tax Commission v. Gay–Teague Realty Co.*, 237 Ala. 133, 185 So. 739 (1938).

"But we do not think that a restaurant is a mercantile establishment, though it is a place where food is prepared and sold for consumption then and there. The restaurateur as a rule does not sell the food in the form in which he buys it. He adds a service and provides facilities for its consumption, which distinguish his place from that of a store or mercantile estab-

lishment. The distinction being that in the latter the sale is ordinarily made of the article in the form in which it is bought by the merchant, and not to be then consumed. While they are both places for sales of personal property in a certain sense, each is distinctive in name and substance from the other, and is so well understood."

The General Assembly has recognized this distinction. Section 12–47–103(21), C.R.S. 1973 (1979 Cum.Supp.) defines "restaurant" as:

"an establishment ... provided with special space, sanitary kitchen and dining room equipment, and persons to prepare, cook and serve meals, where in consideration of payment, meals, drinks, tobaccos and candies are furnished to guests and in which nothing is sold excepting foods, drinks, tobaccos and candies."

Section 12–44–202(5), C.R.S. 1973, defines "food service establishment" as "any place which is kept or maintained for the purpose of preparing or serving food or drink." "Food" is defined in § 12–44–202(4), C.R.S. 1973, as "any raw, cooked, or processed edible substance, beverage, or ingredient used or intended for use or for sale in whole or part for human consumption." The Department of Revenue has also recognized this distinction. Department of Revenue Regulation 85–3–8 (1970) exempts from the definition of store any "establishment that deals exclusively in food and/or prepared meals, for consumption on the premises."

The uncontroverted facts relevant to this appeal are: (1) food items are prepared in the 29 outlets controlled by Pizza Hut for consumption on or off the premises; (2) many items may be ordered through waiters or waitresses and consumed on the premises within a dining area; (3) approximately 99% of the outlets total net sales come from the sale of food items with the remaining 1% of the total net sales coming from the sale of cigarettes, mints, and bottled salad dressings.

■ All doubts concerning the construction of a license tax statute is to be resolved against the taxing authority. *Armstrong v. Denver Saunders System Co.*, 84 Colo. 138, 268 P. 976 (1928). The applicability of this Act to restaurants is sufficiently doubtful to justify construing the Act against the taxing authority.

■ We conclude that the Pizza Hut outlets are restaurants and not stores or mercantile establishments. The sale of cigarettes, mints, and salad dressings does not exclude them from the category of restaurants. *See* § 12–47–103(21), C.R.S. 1973 (1979 Cum.Supp.). Having resolved this issue in favor of appellants, we need not discuss their second contention.

The judgment is reversed and the cause is remanded to the trial court with directions to order the Department of Revenue to return the $7,162.50 which Pizza Hut deposited pursuant to § 39–21–105, C.R.S. 1973.

VAN CISE and KIRSHBAUM, JJ., concur.